THOMAS WOODSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An appellate court will refuse to hear a criminal case on a writ of error where the Plaintiff in Error has escaped and is not within the control of the court below, either actually, by being in custody, or constructively, by being out on bail.

2. On a motion, where it appeared to the court that the Plaintiff in Error had broken jail and escaped from custody, leaving his cause pending in court: *Ordered*, That the writ of error be dismissed at the next term of the court, unless it is made to appear to the court on or before that time that the Plaintiff in Error is in the custody of the proper officer of the law.

Writ of Error to the Circuit Court for Franklin county.
Motion to dismiss writ of error.

The facts of the case are stated in the opinion.

*The Attorney-General* for the motion.

*John W. Malone contra.*

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court:

Thomas Woodson was indicted, tried and convicted of a felony at the Spring Term of the Circuit Court held in and for Franklin county in May, A. D. 1882. For the offence he was sentenced to six months imprisonment in the penitentiary. Afterwards he applied for and obtained a writ of error to this court, assigning certain errors as appearing in the indictment as well as upon the trial of the cause. While the cause was thus pending in this court he broke jail and absconded. The sheriff of Franklin county certifies to this court that he broke jail on the night of the seventh of June, 1882, and that he has no knowledge or information of his whereabouts; that he came from Columbus, Georgia. The Attorney-General now moves that an order be made directing that the writ of error be dismissed on the third Monday of January next, unless the said Woodson shall, in the meantime, surrender himself to the custody of the sheriff of Franklin county or of the court.

The rule is well settled that an appellate court will refuse to hear a criminal case on a writ of error when the plaintiff in error has escaped and is not within the control of the court below, either actually, by being in custody, or constructively, by being out on bail. In the case of The People vs. Genet, 59 N. Y., the court in discussing this question use this language: " When a person charged with

felony has escaped out of custody no order or judgment, if any should be made, can be enforced against him, and courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of the person charged with crime." * * * " All the cases which consider the question seem to concur in the view that an escaped prisoner cannot take any action before the court." In Commonwealth vs. Andrews, 97 Mass., 543, BIGELOW, C. J., speaking for the court, says: " The defendant, by escaping from jail, where he was held for the purpose of prosecuting these exceptions, and abiding the judgment of the court thereon, has voluntarily withdrawn himself from the jurisdiction of the court. He is not present in person, nor can he be heard by attorney. A hearing would avail nothing. If a new trial should be ordered, he is not here to answer further; if the exceptions are overruled, a sentence cannot be pronounced and executed upon him." The Supreme Court of the United States in Smith vs. United States, 94 U. S. R., 97, adopted the same rule holding that the court will refuse to hear a criminal case unless the convicted party suing out the writ of error is where he can be made to respond to any judgment which may be rendered. See, also, Sherman vs. The Commonwealth, 14 Grattan, 677; Leftwich vs. The Commonwealth, 20 Grattan, 716; Anonymous, 31 Me., 592; see, also, The People vs. Redinger, 55 Cal., 290, where the authorities are all cited and the question fully discussed.

. The motion of the Attorney-General is granted, and an order will be entered that the writ of error be dismissed on the third Monday of January next unless it shall be made to appear to this court, on or before that day, that the said plaintiff in error is in custody of the sheriff of Franklin county or other proper officer of the law.

[The writ of error was dismissed at the January Term,

1883, it not having been made to appear that the plaintiff in error was in the custody of the law as above ordered.—REPORTER.]