GUARANTY TRUST AND SAFE DEPOSIT COMPANY, ET AL., APPELLANTS, VS. BUDDINGTON, WILSON & CO., ET AL., APPELLEES.

1. Practice rule 19 of this court provides that its mandate shall not issue until the final adjournment of the term, unless by a special order of the court. The practice of the court, which has obtained for several years, of making of its own motion special orders that the mandates shall issue after the expiration of 30 days from the entry of a judgment in case no petition for a rehearing is filed during such period, will not be departed from where the application for an earlier issue of it is made by the appellee and the appellant objects, unless circumstances establishing the necessity for an earlier issue are shown.

2. A suggestion by appellant, in opposition to an issue of a mandate, of the possibility of the conflict, of jurisdiction between a circuit court of this state and the circuit court of the United States does not call for any action by this court when our records establish no further proceedings in the United States court than a dismissal of the bill before it. The mandate will, in the absence of further showing, go down without implying anything as to any question of priority of jurisdiction.

Appeal from the Circuit Court for Clay county.

The facts of the case are stated in the opinion.

Motion to have mandate issue forthwith.

*A. W. Cockrell & Son, C. P.* and *J. C. Cooper* for motion.

*H. Bisbee, contra.*

RANEY, C. J.:

Appellees have moved that the mandate upon the judgment rendered by this court on the 18th day of the present month, April, issue immediately, the ground of the motion being that such action "is necessary in order that the court below may at once assert its jurisdiction in the premises." No statement nor evidence of the facts creating the necessity for the immediate assertion of jurisdiction has been presented in support of the motion.

Appellants resist the motion on several grounds :

First, Because no reasons are stated for such issue of the mandate.

Second, That the decree of the Circuit Court having been reversed, the appellants should have the conduct and control of the cause, and of the process of the Supreme Court, in the absence of evidence that this right has been abused.

Third, That the language of the motion indicates unmistakably an intention on the part of appellees to obtain the appointment in the state court of a receiver of the subject-matter of the suit before the mandate in the same case in the Supreme Court of the United States reaches the Circuit Court of the United States for the Northern District of Florida. Appellants assuming this to be appellees purpose, and stating that it is difficult to see any other reason on their part for a special order for the mandate, respectfully submit to us that we ought not to lend our aid to the accom-

plishment of the purpose, and "for reasons disclosed in the records" before us, stated by the appellants as follows:

(A) The Green Cove Springs and Melrose Railroad Company, defendant in the court below, did not appeal. The decrees and sale of its property under them are valid and of force as to it, and the title thereto passed to the purchaser. These purchasers are appellees before this court; they are the owners of the property subject to the lien of the bonds asserted by the Trust Company. The amount of such bonds is in issue by proper pleadings in the Federal court in the cause wherein the Trust Company is complainant, and the purchasers are defendants, the suit being one to foreclose the mortgage and much evidence has been taken therein. (B.) There can properly be no further litigation in the Circuit Court of the State except between the Trust Company and such purchasers as to the amount of the bonds outstanding upon the same issue now pending in the Federal court, and no such issues are pending in the State court, and must needs be made by new pleadings. (C.) The Trust Company was not a party to the litigation in the State court until it voluntarily appeared and appealed; that at least until then the State court acquired no jurisdiction of it, and this appearance was several months after the suit was brought in the Federal court, and its jurisdiction over all the necessary parties attached.

Fourth. That therefore further litigation in the State

court is wholly unnecessary, would apparently serve no purpose other than vexatious litigation and the incurring of further costs, expenses and delays, and perhaps create a conflict of jurisdictions between the State court, and the Federal court which first acquired jurisdiction as to all questions which remain undecided and pending between the parties.

This is the substance of the only paper filed by appellants on this motion.

Addressing ourselves to the question for decision, we should state that Supreme Court Rule 19 provides that the mandate of this court shall not issue until the final adjournment of the term, unless by a special order of the court. The fact, however, that the business of the court has for several years protracted each of the two terms to about the commencement of the other has, in the interest of suitors, made necessary the practice of making, of the court's own motion, special orders after the expiration of thirty days from the entry of the judgment for the mandate to issue, in case no petition for a rehearing has been filed in the meantime, and this has become the ordinary practice. The failure of the appellees to show circumstances calling for an immediate issue of the mandate, or establishing the necessity for the court below to assert immediately any jurisdiction as to the appellants, of whom we have decided in the main opinion that it did not obtain jurisdiction, is a sufficient reason for us to refuse, particularly in view of any opposition by appellants, to depart from the usual practice of sending down the man-

date at the expiration of thirty days from the judgment, and for this reason we shall deny the motion.

The third and fourth grounds of objection urged by the appellants make it proper for us to say that the records of this court do show the proceedings in the Circuit Court of the United States, referred to, up to and inclusive of the decree dismissing the bill, but no further, (Guaranty Trust & Safe Deposit Co. vs. Buddington, Wilson & Co., 24 Fla., 21,) and they show none of the proceedings in the Supreme Court of the United States. If there is in these proceedings of the Supreme Court of the United States anything which can render a withholding of our mandate beyond the time indicated, proper, the burden is, we think, upon the appellants to show it by whatever may be proper proceeding here. Should our mandate go down at the expiration of thirty days from the entry of the judgment of April 18th, it will be without implying anything as to the question of priority of jurisdiction, a question with which the two courts concerned will deal, with the care it always demands, and with an entire absence from each of "any desire to encroach upon the jurisdiction and rightful authority of the other." Sharon vs. Terry et al., 36 Federal Reporter, 337, 363.

The motion is denied.