225 So.2d 516 (1969)
Dominick Angel BRETTI, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 38654.
Supreme Court of Florida.
July 30, 1969.
*517 Milton E. Grusmark, Miami Beach, and Natalie Baskin, Miami, for petitioner.
Earl Faircloth, Atty. Gen. and Reeves Bowen, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
Petitioner Dominick Angel Bretti was found guilty in the Criminal Court of Record for Dade County of the crime of robbery and sentenced to serve a term of fifteen years. He appealed to the District Court of Appeal, Third District, and was released on a $40,000 supersedeas bond. His conviction was affirmed, rehearing denied, and thereafter this court denied his petition for certiorari and for rehearing. Upon appeal to the United States Supreme Court certiorari was denied on March 4, 1968, two years and four months after conviction.
In the meantime, on April 24, 1967, petitioner was adjudged guilty of the crimes of (1) breaking and entering a dwelling with intent to commit a felony and committing an assault upon a person lawfully therein, and (2) of grand larceny. He was sentenced to serve concurrent terms of twenty years and five years for these crimes but was permitted by the Criminal Court of Record for Dade County to remain at large upon posting a $15,000 supersedeas bond.
After the United States Supreme Court's order denying certiorari, supra, the Criminal Court of Record on March 25, 1968, forfeited the $40,000 bond posted in the appeal from his robbery conviction. The next day an affidavit was made before the United States Commissioner at Miami, charging that the petitioner was a fugitive from justice and a federal fugitive warrant was issued for his arrest.
The next month, May 8, 1968, the State of Florida filed a motion to dismiss the appeal pending on the 1967 convictions upon the ground that petitioner had fled the state to avoid commencing the service of his previously enforced robbery sentence. The appellate court granted the motion and dismissed the appeal on May 21, during the court's January 1968 term. A petition for writ of certiorari was then filed in this court seeking a review of the order dismissing the appeal and was denied in July of 1968.
Finally, in August 1968 petitioner surrendered to the custody of the sheriff of Dade County through his bondsman and was sent to the Florida State Prison at Raiford to serve his fifteen year term for robbery. He promptly filed a motion to reinstate his appeal on his second convictions and was denied by the District Court of Appeal, Third District, on August 19, 1968. He then sought a writ of habeas corpus in the federal court and was denied there for failure to exhaust all available state remedies. Thereupon he filed the case sub judice, a petition for writ of habeas corpus, posing a question we deem important and now consider: "Did the District Court of Appeal, Third District, deprive the petitioner of his constitutional right to maintain an appeal when it dismissed the appeal from his 1967 conviction because he had become a fugitive from justice?" We think not.
*518 It is evident from the foregoing delineation of facts that petitioner has assiduously availed himself of his legal remedies from the time of his first conviction and to the time an appeal was filed from his second two convictions. A copy of the state's motion to dismiss was mailed to petitioner's attorney May 7, 1968 but no action whatever was taken by the petitioner to contest the allegations that he was a fugitive from justice and believed to have "fled the State of Florida". It was incumbent upon him to respond to the motion and when he failed to do so within two weeks it was entirely within the discretion of the District Court to consider the record and dismiss the appeal. Petitioner chose to evade the issue by seeking relief in this court and then upon failure to the federal court. He then, after incarceration on his prior convictions, belatedly came back into the District Court requesting that it vacate the order of dismissal filed some three months earlier. We hold that it was well within the jurisdictional ambit of the District Court to refuse to reinstate the appeal. "This court is committed to the general rule of law that all judgments, decrees or other orders of the Court, however conclusive their character, are under the control of the Court which pronounced them during the term at which they are rendered, or entered of record, and they may then be set aside, vacated, modified, or annulled by that Court". Perrin v. Enos, Fla., 56 So.2d 920 (1952). Here, there was no question of fraud, deceit or other cause which would render the order of dismissal void. See Ramagli Realty Co. v. Craver, Fla., 121 So.2d 648. The petitioner subjected himself to the jurisdiction of the court upon filing his notice of appeal and he could not revoke or nullify it and thus prevent an adjudication of the questions at issue merely by leaving the country or state and repudiating its authority. When the cause was brought up by the state's motion to dismiss it was neither usual or necessary for the petitioner to be physically present in court, but when he failed to appear either by attorney or in proper person the court could have considered his status as a fugitive an abandonment of the cause, and it had the authority to both dismiss the appeal and later to deny its reinstatement. Sec. 924.20, Fla. Stat., F.S.A.; Bronk v. Bronk, 46 Fla. 474, 35 So. 870 (1903); McCall v. State, 31 Fla. 218, 12 So. 845 (1893); Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); and also see Decree v. State, Fla.App., 180 So.2d 667 (1965) where the court dismissed the appeal because the appellant was a fugitive and not available to confer with his counsel; and Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1897) in which it was stated, "This court will refuse to hear a criminal case, unless the convicted party suing out the writ of error is where he can be made to respond to any judgment which may be rendered here." A fugitive has no right whatever to frustrate the orderly procedures of the courts by voluntarily absenting himself and upon his apprehension complain that his rights were violated when his appeal was dismissed.
In summary, we hold that the District Court had jurisdiction and was exercising the discretion vested in the court by granting the motion to dismiss as well as refusing to grant the subsequent motion to reinstate the appeal. By his own volition petitioner, as a fugitive from justice, put himself definitively beyond the court's process and may not now be heard to contend that he was denied his constitutional rights of due process when he failed to prosecute his appeal at the time appellee sought its dismissal.
The writ heretofore issued should be and it is hereby
Discharged.
DREW, CARLTON and BOYD, JJ., concur.
ERVIN, C.J., dissents.