576 So.2d 709 (1991)
STATE of Florida, Petitioner,
v.
Nancy Elizabeth GURICAN, Respondent.
No. 75233.
Supreme Court of Florida.
March 14, 1991.
*710 Robert A. Butterworth, Atty. Gen., James W. Rogers, Asst. Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for petitioner.
Leo A. Thomas of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for respondent.
McDONALD, Justice.
We review Gurican v. State, 552 So.2d 975, 979 (Fla. 1st DCA 1989), in which the district court certified the following questions as being of great public importance:
Should Florida's appellate courts apply the federal escape rule in which the court, upon proper motion, will dismiss an appeal of an accused who has fled the jurisdiction before sentencing, and hence before filing a notice of appeal, even though the accused is back within the court's jurisdiction when the motion to dismiss is filed?
Should Florida's appellate courts apply a harmless error analysis where a defendant has been wrongfully denied the right to the last argument before the jury?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the first certified question with a qualified affirmative, do not address the second certified question, quash the district court's decision, and remand to the district court with instructions to grant the state's motion to dismiss.
The same attorney represented both Gurican and her codefendant Ramirez at their joint trial. Ramirez testified in her own defense and presented several witnesses on rebuttal; Gurican, however, presented no defense. Their attorney sought final argument to the jury on Gurican's behalf but the trial court denied his request. On June 8, 1984, the jury returned its verdict finding Gurican guilty of drug trafficking. To allow completion of a presentence investigation (PSI), the court set sentencing for August 1. Gurican filed motions for a new trial on June 13. Before sentencing, Gurican, who remained on pretrial release, absconded from the jurisdiction. Because of her absence and failure to appear for sentencing, the court did not formally adjudicate her guilty or sentence her. It denied Gurican's motions for a new trial on August 31. Four years later, Gurican voluntarily returned to the jurisdiction and, on December 12, 1988, the court entered its final judgment adjudicating Gurican guilty and sentenced her for the trafficking conviction.[1] After sentencing, Gurican filed an appeal. In response the state filed a motion to dismiss, contending that Gurican's four-year absence from the jurisdiction effectively waived her right to appeal her conviction. The district court denied the state's motion to dismiss and reversed the convictions because Gurican was deprived of final jury argument. It then *711 certified the two aforementioned questions to this Court.
Both the United States Supreme Court and this Court have long held that courts may dismiss the appeals of criminal defendants who flee the jurisdiction while their appeals are pending. E.g., Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); Bretti v. Wainwright, 225 So.2d 516 (Fla. 1969), approved in part, expunged in part, 255 So.2d 266 (Fla. 1971); Woodson v. State, 19 Fla. 549 (1882). These decisions are based on the theory that such a defendant abandoned or waived the right to an appeal. As the Court stated in Molinaro:
No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.
396 U.S. at 366, 90 S.Ct. at 498-99.
The state argues that the reasoning of Molinaro is equally applicable whether a convicted defendant flees before or after filing a notice of appeal and regardless of the individual's return to the court's jurisdiction. In support of its position the state relies on United States v. Holmes, 680 F.2d 1372 (11th Cir.1982), cert. denied, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983), which held that a defendant who flees after conviction, but before sentencing and before filing a notice of appeal, waives the right to appeal from the conviction upon his return unless he can establish that the absence was due to matters completely beyond his control. Accord United States v. Persico, 853 F.2d 134 (2d Cir.1988); United States v. London, 723 F.2d 1538 (11th Cir.), cert. denied, 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984). The state urges this Court to adopt a rule similar to that set forth in Holmes.
Although federal courts have addressed the issue presented by the case at bar, it is one of first impression to this Court. However, we previously have addressed whether an appellate court may dismiss an appeal when the appellant escapes. In Woodson the state moved to dismiss the appeal of an escaped prisoner whose whereabouts were unknown. This Court dismissed the appeal, finding it well settled that an appellate court will refuse to hear a criminal case when the appellant has escaped and is beyond the court's control. Bretti applied the traditional escape rule relied upon in Woodson and upheld a district court's refusal to reinstate the appeal of an escapee who returned to the court's jurisdiction after it dismissed his appeal. This Court stated that "[a] fugitive has no right whatever to frustrate the orderly procedures of the courts by voluntarily absenting himself and upon his apprehension complain that his rights were violated when his appeal was dismissed." 225 So.2d at 518.
Gurican contends that her return to the trial court's jurisdiction prior to filing her appeal distinguishes her case from Woodson and Bretti and, therefore, the district court correctly refused to dismiss her appeal. In support of her argument, Gurican relies upon Brown v. State, 388 So.2d 586 (Fla. 5th DCA 1980), and Marshall v. State, 344 So.2d 646 (Fla. 2d DCA), cert. denied, 353 So.2d 679 (Fla. 1977), which refused to dismiss escapees' appeals after their return, and invites this Court to adopt the reasoning set forth therein.[2] We *712 decline to do so under the facts of this case. If an appellate court may dismiss the pending appeal of an escapee, Woodson, and refuse to reinstate that appeal upon the escapee's return, Bretti, it would be inconsistent for this Court to hold that a court cannot dismiss an escapee's appeal filed after returning to the jurisdiction.
Pursuant to Florida Rule of Appellate Procedure 9.110(b), parties seeking appellate review have thirty days from the date the final order is rendered to file their appeals. But for Gurican fleeing the jurisdiction, the trial court would have rendered its final judgment adjudicating her guilty and would have sentenced her. When the court denied her motion for a new trial on August 31, therefore, she would have had thirty days from that date in which to file her appeal. See Fla.R.App.P. 9.110(b); Fla. R.App.P. 9.020(g).[3] As a result of her absence, Gurican unilaterally extended the time for filing an appeal of her conviction, under her proposed reasoning, for over four years.
This Court will not condone such action. We will not burden our already overcrowded court system with adjudicating the appeals of individuals who have flouted its processes by absconding from the jurisdiction. By fleeing the court's jurisdiction instead of obeying the conditions of her pretrial release, Gurican demonstrated her overt disrespect for the judicial system. Her absence thwarted the orderly, effective administration of justice and, as such, disentitles her of the right to call upon its protections.
In future cases where the convicted defendant escapes and fails to appear for sentencing, we advise trial courts to proceed in absentia and render their final judgments adjudicating the defendant guilty. Thus, the thirty-day period for filing an appeal will commence running unless it is tolled until the court disposes of any authorized and timely post-trial motion as specified in Florida Rule of Appellate Procedure 9.020. See State ex rel. Faircloth v. Cross, 238 So.2d 81 (Fla. 1970); State ex rel. Owens v. Pearson, 156 So.2d 4 (Fla. 1963); In re Estate of Zimbrick, 453 So.2d 1155 (Fla. 4th DCA 1984). If the defendant fails to return and timely file an appeal of the conviction, the appellate court shall dismiss any later appeal unless the defendant can establish that the escape or failure to appear was legally justified. On the other hand, if the defendant returns to the jurisdiction and files an appeal within the thirty-day period, that appeal shall be considered timely filed. At that point, because there would be no delay in the administration of justice, no reason would exist to dismiss the defendant's appeal.
Thus, we hold that, as a matter of policy, appellate courts of this state shall dismiss the appeal of a convicted defendant not yet sentenced who flees the jurisdiction before filing a notice of appeal and who fails to return and timely file that appeal unless the defendant can establish that the absence was legally justified. In the instant case Gurican, who absconded from the court's jurisdiction for four years, cannot prosecute her appeal of her conviction upon her return. She may, however, appeal any alleged defects in her sentencing which occurred after her return.
We therefore answer the first certified question with a qualified affirmative, do not address the second certified question,[4] *713 quash the district court's decision, and remand to the district court with instructions to grant the state's motion to dismiss.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT and GRIMES, JJ., concur.
KOGAN, J., dissents.
NOTES
[1] In addition, because of Gurican's failure to appear for sentencing and her plea of nolo contendere to that offense, the trial court later sentenced her to two and one-half years in state prison to run concurrent with her sentence for drug trafficking. See § 843.15(1)(a), Fla. Stat. (1987).
[2] Both the district court's decision in the case under review and Brown v. State, 388 So.2d 586 (Fla. 5th DCA 1980), relied on the reasoning of Marshall v. State, 344 So.2d 646 (Fla. 2d DCA), cert. denied, 353 So.2d 679 (Fla. 1977). Because of the statement in Marshall that defendants have a constitutional right to an appeal, we find its reasoning debatable. There is no federal constitutional right to an appeal. Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Nor is there a federal constitutional right to state appellate review of criminal convictions. Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Any such right to an appeal, therefore, must exist under the Florida Constitution. There is no right of appeal granted to defendants in the declaration of rights set forth in article I of our constitution. Moreover, we have recently characterized a criminal defendant's right to appeal his judgment and sentence as a statutory right. In re Order on Prosecution of Criminal Appeals, 561 So.2d 1130 (Fla. 1990); see § 924.06, Fla. Stat. (1989).
[3] Fla.R.App.P. 9.020(g) defines "rendition" as

the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.
[4] Because we direct the district court to grant the state's motion to dismiss, we need not address the second certified question.