629 So.2d 249 (1993)
Steven KIVETT, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-74.
District Court of Appeal of Florida, Third District.
December 14, 1993.
*250 Kaeiser & Potolsky and Clayton R. Kaeiser, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.
PER CURIAM.
The defendant, Steven Kivett, appeals from a final judgment of conviction and sentence for manslaughter with a firearm and tampering with evidence. We affirm.
Because the defendant's flight occurred before this appeal, his flight does not justify dismissal of this appeal. Ortega-Rodriguez v. United States, ___ U.S. ___, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993); contra State v. Gurican, 576 So.2d 709 (Fla. 1991). Therefore, we consider the merits of the defendant's appeal.
First, the defendant contends that the trial court should have granted a judgment of acquittal because the evidence was inconclusive. However, there was legally sufficient evidence upon which the jury could base its guilty verdict. The trial court properly denied the motion for judgment of acquittal. Jones v. State, 466 So.2d 301 (Fla. 3d DCA 1985), approved, 485 So.2d 1283 (Fla. 1986); Pressley v. State, 395 So.2d 1175 (Fla. 3d DCA), rev. denied, 407 So.2d 1105 (Fla. 1981).
The defendant next contends that the trial court should have granted his motion for mistrial because the prosecutor's closing argument deprived him of a fair trial. We disagree.
A motion for mistrial is addressed to the sound discretion of the trial judge and should only be granted in cases of absolute necessity. Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). Moreover, a mistrial should be granted only in circumstances where "the error committed was so prejudicial as to vitiate the entire trial." Duest v. State, 462 So.2d 446, 448 (Fla. 1985); see also Solomon v. State, 596 So.2d 789, 790 (Fla. 3d DCA 1992).
In the instant case, there was no absolute necessity to declare a mistrial. The closing argument was not so prejudicial as to vitiate the entire trial.
The defendant also contends that the trial court should have granted his motion for mistrial because much of the testimony presented amounted to character attacks. However, after every improper comment the trial court instructed the jury to disregard the comment. Thus, under Buckles v. State, 567 So.2d 40 (Fla. 3d DCA 1990) and Williams v. State, 354 So.2d 112 (Fla. 3d DCA 1978), no mistrial was warranted.
Finally, we find that the defendant's remaining contentions lack merit. Accordingly, *251 we affirm the defendant's conviction and sentence.