PER CURIAM.
Nicolo J. Leone appeals the trial court’s order denying his “Motion for Final Resolution of Detainer” relative to a probation violation charge.[1] We conclude that the trial court correctly denied Leone’s motion as framed and, accordingly, affirm the trial court’s order.[2]
In his motion and accompanying memorandum of law filed with the trial court, Leone sought to resolve the detainer lodged against him by requesting the trial court (1) to allow him to plead guilty in absentia to the violation of probation charge, and (2) to impose a *1199 sentence concurrent with his 60-year Maine sentence. The trial court properly deemed Leone’s motion as one to plead in absentia to the violation of probation charge and then entered an order denying the motion.
Rule 3.180(a) of the Florida Rules of Criminal Procedure requires the defendant’s presence at certain proceedings, including when a plea is made (unless a written plea of not guilty is made under the provisions of rule 3.170(a)) and at the pronouncement of judgment and the imposition of sentence. Although rule 3.180(c) provides that a defendant charged with a misdemeanor may be tried in absentia, this rule does not apply in this ease because Leone is charged with a violation of felony probation. Additionally, under section 921.16(2), Florida Statutes (1987), a court may, but is not required to, impose a sentence to run concurrently with one imposed by a court of another state.
AFFIRMED.
COBB, DIAMANTIS and THOMPSON, JJ., concur.

. See Fla.R.App.P. 9.140(b)(1)(C).

. We decible to address on appeal matters which Leone failed to present to the trial court. See Trushin v. State, 425 So.2d 1126, 1130 (Fla. 1982).