654 So.2d 973 (1995)
Stephen Christian JARRETT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-381.
District Court of Appeal of Florida, First District.
April 21, 1995.
Nancy A. Daniels, Public Defender, Fred Parker Bingham II, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Daniel A. David, Asst. Atty. Gen., Tallahassee, for appellee.
BENTON, Judge.
After a jury trial, Stephen Christian Jarrett was convicted of theft of a motor vehicle and sentenced accordingly. On appeal, he argues for reversal on grounds the trial went forward without his participation until after the jury was discharged. Persuaded that the Florida Rules of Criminal Procedure do not authorize initiating felony trials in absentia, we reverse.
By information filed June 22, 1993, the State laid charges against appellant, accusing him of two third-degree felonies: "grand theft auto" and burglary of a conveyance. On August 4, 1993, he signed a form acknowledging that he was required to appear for a pre-trial conference on September 22, 1993, and for trial on September 27, 1993. The form stated:
FAILURE TO COMPLY WITH ANY OF THE ABOVE REQUIREMENTS MAY RESULT IN A CAPIAS FOR MY ARREST AND INCARCERATION WITHOUT BOND UNTIL TRIAL.
Because he failed to appear on September 22, 1993, a capias for his arrest issued. On September 27, 1993, a jury was selected in his absence. Even though appellant was still at large, the jury was sworn on October 1, 1993, and trial proceeded, over objection on grounds that appellant was being tried in absentia, to verdict. Represented by court-appointed counsel, the absent appellant was found not guilty of burglary of a conveyance.
*974 On October 7, 1993, appellant's counsel filed a motion for new trial on the grand theft charge, again contending that the trial court "erred in requiring Defendant to go to trial in absentia." While the motion for new trial was still pending, appellant was apprehended. He was present in the courtroom on December 22, 1993, when the motion for new trial was denied and again the following month when he was adjudicated guilty and sentenced. Notice of appeal from judgment and sentence was filed while appellant was in state custody.
In State v. Gurican, 576 So.2d 709 (Fla. 1991), our supreme court addressed the question of when an appellate court should decide criminal appeals over which it has jurisdiction, quoting Molinaro v. New Jersey, 396 U.S. 365, 366, 90 S.Ct. 498, 498-99, 24 L.Ed.2d 586 (1970), with apparent approval:
No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.
Our supreme court articulated a broad rationale for declining to decide the appeal in Gurican:
This Court will not condone such action. We will not burden our already overcrowded court system with adjudicating the appeals of individuals who have flouted its processes by absconding from the jurisdiction.
576 So.2d at 712. But the holding in Gurican was narrower:
Thus, we hold that, as a matter of policy, appellate courts of this state shall dismiss the appeal of a convicted defendant not yet sentenced who flees the jurisdiction before filing a notice of appeal and who fails to return and timely file that appeal unless the defendant can establish that the absence was legally justified. In the instant case Gurican, who absconded [after her trial] from the court's jurisdiction for four years, cannot prosecute her appeal of her conviction upon her return. She may, however, appeal any alleged defects in her sentencing which occurred after her return.
Gurican, 576 So.2d at 712. We believe deciding the present appeal is fully consonant with the teachings of Gurican.
The present case is distinguishable from Gurican in that appellant was back in custody before the motion for new trial was decided. See Kivett v. State, 629 So.2d 249 (Fla. 3d DCA 1993). His absence did not delay judgment, sentence, or time for appeal in the way Gurican's absence did. Appellant did not "escape[] from the restraints placed upon him pursuant to the conviction." Molinaro, 396 U.S. at 366, 90 S.Ct. at 498. When he absconded, he was not a "convicted defendant not yet sentenced who fle[d] the jurisdiction before filing a notice of appeal and who fail[ed] to return and timely file that appeal." Gurican, 576 So.2d at 712.
More fundamentally, refusal to decide the present appeal might impede rather than advance efforts to avoid "burden[ing] our already overcrowded court system with adjudicating," id., unnecessary cases. As a practical matter, not every defendant who absconds is later captured. Nor is there reason to assume that every absconding defendant will insist on trial by jury, if apprehended. Jury trials consume significant resources just as appeals do. Where a whole trial goes forward without lawful basis in contravention of the criminal rules, it is important for the system as well as for the parties that the problem be identified and that the wasteful practice be discouraged.
On the merits, appellant contends that his trial in absentia violated his state and constitutional rights to due process and confrontation as well as "virtually every trial right guaranteed by the state and federal constitutions." "In keeping with the rule of decision which forbids reaching constitutional questions when cases can be disposed of on [non-constitutional grounds]," Silver Rose Entertainment, Inc. v. Clay County, 646 So.2d 246, 248 (Fla. 1st DCA 1994), petition for review filed, No. 84,875 (Fla. Dec. 22, *975 1994), we find it unnecessary to reach appellant's constitutional claims, because Florida Rule of Criminal Procedure 3.180 clearly dictates reversal. E.g., Leone v. State, 643 So.2d 1198 (Fla. 5th DCA 1994) (defendant's presence required in felony prosecution); Summerall v. State, 588 So.2d 31 (Fla. 3d DCA 1991) (felony defendant's presence required at probation revocation hearing); Bradley v. State, 420 So.2d 417, 418 (Fla. 1st DCA 1982) (alleged contemnor's presence required in indirect criminal contempt proceedings). Entitled "Presence of Defendant," the rule provides:
(a) ... In all prosecutions for crime the defendant shall be present:
.....
(3) at any pretrial conference, unless waived by the defendant in writing;
(4) at the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury;
(5) at all proceedings before the court when the jury is present;
(6) when evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
.....
.....
(b) Defendant Absenting Self. If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of court, or is removed from the presence of the court because of his or her disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of the case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
(c) Defendant May Be Tried in Absentia for Misdemeanors. Persons prosecuted for misdemeanors may, at their own request, by leave of court, be excused from attendance at any or all of the proceedings aforesaid.
(d) Presence of Corporation. A corporation may appear by counsel at all times and for all purposes.
The supreme court has "conclude[d] that the rule means just what it says." Coney v. State, 653 So.2d 1009 (Fla. 1995). To the extent the defendant can, during the course of trial, waive rights under the rule in favor of the "exercise [of] constructive presence through counsel ..., the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary," id., except as provided in Rule 3.180(b).
There has been no such inquiry or certification here. The record in the present case does not demonstrate a waiver. Cf. State v. Melendez, 244 So.2d 137 (Fla. 1971). The appellant was notified that his failure to appear would result in issuance of a capias, not in a trial in absentia. The record does not establish, with the certainty and clarity necessary to support the waiver of constitutional rights Rule 3.180 is designed to safeguard, that appellant's non-appearance was voluntary. See Crosby v. United States, ___ U.S. ___, ___, 113 S.Ct. 748, 752, 122 L.Ed.2d 25 (1993) (Federal Rule of Criminal Procedure 43 "treats midtrial flight as a knowing and voluntary waiver of the right to be present. Whether or not the right constitutionally may be waived in other circumstances ... the defendant's initial presence serves to assure that any waiver is indeed knowing.") Voluntary absence before trial does not create the presumption that arises when such absence occurs only after trial has begun. See Capuzzo v. State, 596 So.2d 438 (Fla. 1992); Daniels v. State 587 So.2d 460, 461 (Fla. 1991).
Applying rules resembling Florida's, other jurisdictions have concluded that criminal prosecutions cannot proceed if the defendant, although on hand for pre-trial proceedings, is not present at the commencement of trial. Crosby; Sandoval v. State, 631 So.2d 159 (Miss. 1994); State v. Jackson, 124 Wash.2d 359, 878 P.2d 453 (1994). See Hopt v. Utah, *976 110 U.S. 574, 579, 4 S.Ct. 202, 204, 28 L.Ed. 262 (1884) (discussing the public's interest in strict enforcement of a federal statutory requirement that defendant be present at trial). While "[p]ersons prosecuted for misdemeanors may, at their own request, by leave of court, be excused from attendance [at trial]," Fla.R.Crim.P. 3.180(c), Florida Rule of Civil Procedure 3.180(a) requires that the defendant be present for the beginning of a felony trial. Because appellant was not present when his trial began, his conviction and sentence must be reversed.
Reversed and remanded.
MINER and WEBSTER, JJ., concur.