703 So.2d 522 (1997)
Jerry GRIFFIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2480.
District Court of Appeal of Florida, First District.
December 30, 1997.
*523 Nancy A. Daniels, Public Defender, and Paula S. Saunders, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, and Trina Kramer, Assistant Attorney General, Tallahassee, for appellee.

ON APPELLEE'S MOTION TO DISMISS
PER CURIAM.
After appellant absconded following jury selection, he was tried in absentia in February 1990 and found guilty of various sexual offenses against a child victim. Appellant's motion for new trial was denied in March 1990, and more than six years then passed before he was returned to custody in May 1996. On June 5, 1996, the trial court adjudicated appellant guilty in accordance with the jury's verdict and sentenced him to a lengthy prison term, and a notice of appeal was thereafter filed on June 20, 1996. Asserting that appellant's flight from justice constituted a waiver of his right to appellate review, the state now moves to dismiss this appeal on the authority of State v. Gurican, 576 So.2d 709 (Fla.1991).
In response, appellant argues with some persuasiveness that Gurican should not control because many of the policy considerations underlying that decision were subsequently rejected in Ortega-Rodriguez v. United States, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). However, because we agree with the state that this case is materially indistinguishable from Gurican, we are without authority to disregard this binding precedent. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973). Deference to our supreme court on this question is particularly appropriate in this instance since, as the Missouri Supreme Court noted in State v. Troupe, 891 S.W.2d 808 (Mo.1995), the United States Supreme Court decided Ortega-Rodriguez in the exercise of its supervisory power over the federal courts and not on the basis of any federal constitutional principle.[1] Therefore, since the Florida Supreme Court has unequivocally announced the policy of the Florida courts on this issue, it is obviously the appropriate forum for resolving the question of whether that policy should be reconsidered.
Accordingly, we grant appellee's motion and dismiss the appeal.[2] We find merit, however, in appellant's suggestion that the Florida Supreme Court should be given the opportunity to revisit this issue, and we therefore certify the following question for its consideration:
SHOULD THE HOLDING IN STATE v. GURICAN, 576 So.2d 709 (Fla.1991), BE RE-EVALUATED IN LIGHT OF ORTEGA-RODRIGUEZ v. UNITED STATES, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993)?
APPEAL DISMISSED and QUESTION CERTIFIED.
MICKLE, LAWRENCE and PADOVANO, JJ., concur.
NOTES
[1] In Troupe, the court declined to follow Ortega-Rodriguez, and instead adhered to Missouri's "escape rule," which is largely consistent with the rule announced in Gurican.
[2] We note that Gurican does not preclude the appeal of alleged sentencing errors. However, none of the four points raised in appellant's initial brief are directed to sentencing issues.