SHAW, J.
We have for review Taylor v. State, 711 So.2d 1887 (Fla. 1st DCA 1998), wherein the district court certified the following question:
Should the holding in State v. Gurican, 576 So.2d 709 (Fla.1991), be re-evaluated in light of Ortega-Rodriguez v. United States, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993)?
Taylor v. State, 739 So.2d 98 (Fla. 1st DCA 1998). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We have since answered this question in the affirmative in Griffis v. State, 759 So.2d 668 (Fla.2000), wherein we held that where a defendant absconds and returns before filing an appeal, the misconduct ordinarily should be addressed by the trial court, not the appellate court. Automatic appellate dismissal in such a situation is improper under Ortega-Rodriguez. We quash Taylor and remand for proceedings consistent with Griffis.
It is so ordered.
HARDING, C.J., and WELLS, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., concurs in result only.