831 So.2d 690 (2002)
Calvin C. LUTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1467.
District Court of Appeal of Florida, Third District.
October 16, 2002.
Rehearing and Rehearing Denied December 11, 2002.
Rier & Doherty, Miami, and Andrew F. Rier, for appellant.
Robert A. Butterworth, Attorney General, and Gary K. Milligan, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied December 11, 2002.
RAMIREZ, J.
Calvin C. Luton appeals his conviction for strong arm robbery. We affirm because the officer's remarks during the trial did not constitute grounds for mistrial.
On July 2, 2000, Saul Aguilar was leaving a restaurant sometime after midnight *691 when he was hit on the head from behind. He lost consciousness and did not see who hit him. When Aguilar came to, Officer Sosa was present, but Aguilar's pay of $300 was missing.
Officer Sosa was on patrol duty in the vicinity of Krome Avenue and 9th Street in south Miami-Dade County. While parked with his lights off, he witnessed the robbery from a block away, through his binoculars. Officer Sosa then drove towards the crime scene where he observed the robber punch the victim repeatedly and search through the victim's pockets. He then chased the robber in his patrol car as the robber sped away on a bicycle. He got within three feet of the robber and immediately recognized him as Luton. During the pursuit Officer Sosa's car headlights clearly illuminated Luton, and he was able to look at Luton three times. Luton subsequently dropped his bicycle, jumped a fence and got away.
At trial, Officer Sosa testified that he was patrolling the area because it is a high crime area, mostly violent crime, and that there had been numerous complaints of crime in that area. The trial court sustained the objection and offered to give a curative instruction. The defense declined the trial court's offer.
We hold that the trial court did not abuse its discretion in denying the motion for mistrial. In Kivett v. State, 629 So.2d 249 (Fla. 3d DCA 1993), we stated that "[a] motion for mistrial is addressed to the sound discretion of the trial judge and should only be granted in cases of absolute necessity. Moreover, a mistrial should be granted only in circumstances where `the error committed was so prejudicial as to vitiate the entire trial.'" Id. at 250 (quoting from Duest v. State, 462 So.2d 446, 448 (Fla.1985) (citations omitted)). We do not believe that Officer Sosa's comments were so prejudicial as to vitiate the entire trial as the issue at trial was identification, not whether the crime was committed. Where the crime took place was not important. See also Goodwin v. State, 721 So.2d 728, 728-729 (Fla. 4th DCA 1998) (no prejudicial error resulted from testifying officer's comment that the area was known for drug sales where trial court sustained objection and gave curative instruction to disregard the comment); McCall v. State, 463 So.2d 425, 426 (Fla. 3d DCA 1985) (detective's comment did not rise to level of prejudicial error where defendant failed to request curative instruction which would have cured error).
We also find no merit in Luton's other arguments.
Affirmed.