924 So.2d 922 (2006)
William CLARK, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1608.
District Court of Appeal of Florida, Third District.
March 29, 2006.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before WELLS and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
William Clark appeals his convictions for trafficking in heroin, count 1, resisting an officer without violence, count 2, and possession *923 with intent to sell cannabis, count 3, and his sentences of twenty (20) years on count 1 and five (5) years on count 3 to run concurrent. We affirm.
Four police officers testified at trial as to the events of the drug buy which resulted in Clark's arrest. Officer Payen testified that a confidential informant led them to the location where he claimed he had previously purchased drugs. Officer Payen gave the confidential informant a twenty-dollar bill which the confidential informant used to buy drugs from Clark. Officer Payen observed the confidential informant talk to Clark, give Clark the money, and receive two bags with contents that later tested positive for heroin. The twenty-dollar bill which had been given to the confidential informant for the buy was recovered from Clark after his arrest. The State introduced a photocopy of the twenty-dollar bill into evidence over Clark's objection. When arrested, Clark was in possession of marijuana. A bag which Clark had thrown while being chased by the police was recovered and found to contain packets of heroin.
Clark raises two points on appeal. He first argues that the trial court erred in allowing into evidence the photocopy of the twenty-dollar bill used by police in the operation. He argues the State failed to produce sufficient competent evidence at trial to prove that the twenty-dollar bill in the photocopy was the same twenty-dollar bill given to the confidential informant and recovered from Clark. Clark relies on the case of Hutchinson v. State, 580 So.2d 257 (Fla. 1st DCA 1991), to support his argument. Hutchinson is factually distinguishable. In Hutchinson, a case involving a conviction for selling cocaine, an issue on appeal was whether a proper predicate had been laid to support the admission of a photocopy of the money used in the drug sale. The testimony was that the original bills were photocopied before being used to purchase the drugs. After the bills had been photocopied, identifying markings were put on the bills. The bills were then used for the purchase. The officers testifying at trial could not remember what markings had been put on the bills. The absence of competent evidence to identify the money as being the actual money used for the purchase deprived Hutchinson of his ability to rebut the state's conclusion that the exhibit was a photocopy of the actual money. The facts in this case are different. Officer Payen testified that prior to giving the confidential informant the twenty-dollar bill, he recorded the serial number and radioed the number to the other officers in the take-down unit. The twenty dollar bill was photocopied prior to being given to the confidential informant. Once the twenty-dollar bill was recovered from Clark, the serial number on the bill was checked to ensure that it was the same as the one in the photocopy. When the serial numbers matched, Payen highlighted the serial number and wrote the case number, taken from the arrest form, on the photocopy. Payen identified the photocopy at trial as the photocopy of the twenty-dollar bill given to the confidential informant and recovered from Clark. Unlike Hutchinson, the State presented sufficient competent evidence to prove that the twenty-dollar bill in the photocopy was the twenty-dollar bill given to the confidential informant and recovered from Clark. See Vaz v. State, 599 So.2d 250 (Fla. 3d DCA 1992). Therefore, the trial court did not abuse its discretion in admitting into evidence the photocopy in question.
Clark next contends the trial court erred in not granting a mistrial where two of the State's witnesses testified as to the narcotic activity in the area where Clark was arrested. The testimony at issue is as follows:

*924 Q. So you get out of the car with the CI. Where does the CI go? Where do you go?
A. Since he's the one who told us that he's been to this address and that he 
Clark's motion for mistrial was denied. The other testimony at issue is as follows:
Q. What were you doing at approximately that time?
A. At approximately that time, we had gotten a complaint in reference to 800 Northwest 56th Street. We happened to [have] received complaints about that location. It's supposed to be a high-volume narcotics activities taking place.
The court sustained Clark's objection to the testimony and cautioned the jury to ignore the statement and comment. Clark declined the court's offer of a curative instruction and the court denied Clark's motion for a mistrial.
Clark argues that the repeated reference to the location where he was arrested as a place known for narcotics activity was so prejudicial that a mistrial was required. We disagree. The issue at trial was the identification of Clark as the individual involved in the sale and not whether the crime was committed. As such, we do not feel the comments were so prejudicial as to taint the entire trial. See Goodwin v. State, 751 So.2d 537 (Fla.1999)(denial of motion for mistrial abuse of discretion only where complained of remarks so prejudicial as to require reversal); Luton v. State, 831 So.2d 690 (Fla. 3d DCA 2002)(in a case of strong-arm robbery, testimony of an officer that he was in the area where the arrest took place because it was a high crime area and that there were numerous complaints of crime, did not require a mistrial where the issue was the defendant's identification and not whether the crime was committed). Therefore, the trial court did not abuse its discretion in denying the motions for mistrial.
For the above reasons, we affirm the convictions and sentences.