MAY, J.
The defendant appeals an order dismissing his motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The trial court dismissed the motion after the defendant absconded from the Martin Correctional Institution’s work camp while the motion was pending. He argues the court erred in dismissing the motion for that reason. We agree and reverse.
On November 29, 2004, the defendant filed a rule 3.850 motion and supplemented it on January 18, 2005. The trial court ordered the State to respond. On May 10, 2005, the defendant escaped from his work detail. He claims the escape was necessary because of threats against his life.
On May 13, 2005, the State requested an extension of time to respond to the motion. Three days later, the State moved to dismiss the defendant’s 3.850 motion based upon Griffis v. State, 759 So.2d 668 (Fla.2000). Relying on that authority, the trial *1272 court dismissed the defendant’s motion for post-conviction relief.
The defendant argues the trial court erred in dismissing his motion for post-conviction relief based upon Griffis. We have found no case that directly addresses the issue, but find the supreme court’s opinion in Griffis and the United States Supreme Court’s opinion in Ortega-Rodriguez v. United States, 507 U.S. 284, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) instructive.
In Griffis, our supreme court receded from its prior decision in State v. Gurican, 576 So.2d 709 (Fla.1991), based on the United States Supreme Court’s subsequent decision in Ortega-Rodriguez. The issue presented was whether the dismissal of an appeal is appropriate when the defendant absconds prior to the initiation of the appellate process. Our supreme court answered that question in the negative. Acknowledging the rationale behind appellate dismissals, e.g., ensuring enforceability of the adjudication, discouraging escape, responding to contemptuous disrespect, and defending the court’s dignity, the court found none of these justified the dismissal of a defendant’s constitutional right to appeal unless it bore “a sufficiently detrimental connection between [the defendant’s] fugitive status and the appellate process.” Griffis, 759 So.2d at 672; see also Ortega-Rodriguez, 507 U.S. at 240-46, 113 S.Ct. 1199.
[I]t is well settled that when a defendant absconds after filing an appeal, the appellate court has the authority to dismiss the appeal. However, where the defendant absconds and returns before filing an appeal, trial courts are better suited to address the matter. The latter misconduct is committed within the jurisdiction of the trial court, and the Florida legislature has armed that court with a series of statutory sanctions (which does not include appellate dismissal).
Griffis, 759 So.2d at 672.
Our supreme court also identified the sanctions available to punish the affront to a trial court when the defendant absconds. They include prosecution for the escape, contempt, and assessment of status points under the sentencing guidelines or Criminal Punishment Code. Id. Conspicuously absent from these options is the dismissal of a motion for post-conviction relief.[1]
We take from Griffis that while the trial court is in the best position to sanction a defendant for absconding, it has a variety of options with which to do so. A dismissal should be entered as a last resort and is warranted when the defendant’s conduct has created a sufficient detriment to the State or the court that it prevents the resolution of the motion on its merits.
In this case, the defendant filed his motion for post-conviction relief; he subsequently absconded before the trial court heard the motion. He claims that his escape was necessitated by threats against his life. Significantly, the defendant was apprehended within fifteen days of his escape. This two-week absence did not create a sufficient detriment to the State or the trial court to warrant a dismissal of his motion for post-conviction relief.
By this opinion, we do not suggest that dismissal of a post-conviction motion is never appropriate. Post-conviction relief motions are designed to give the defendant a last opportunity to ensure the correctness of a conviction. While post-conviction proceedings are not explicitly identified in the constitution, they serve as *1273 an important means to assure due process. Steele v. Kehoe, 747 So.2d 931 (Fla.1999). For that reason, the harshest sanction of dismissal is appropriate only when there is a sufficient connection between the defendant’s fugitive status and the court’s ability to resolve the pending motion. Under the circumstances presented here, we find the sanction simply too harsh.

Reversed and Remanded.

STEVENSON, C.J., and WARNER, J., concur.

. Perhaps that is because the escapes in these cases occurred prior to sentencing and not post-conviction.