STATE, RESPONDENT, *v.* DEMPSEY, APPELLANT.
ON MOTION TO DISMISS APPEAL.

(No. 1,809.)

(Submitted May 19, 1902. Decided May 26, 1902.)

*Criminal Law—Appeal—Escape—Absence from Jurisdiction.*

Where one convicted of murder appealed, and thereafter escaped and fled beyond the jurisdiction of the court, the appeal should be dismissed on condition that, if he surrender himself within a stated time, the appeal would be reinstated.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

PETER DEMPSEY was convicted of murder, and appeals. Appeal dismissed conditionally.

*Mr. Thomas A. Morrin,* for Appellant.

*Mr. James Donovan, Attorney General,* for the State.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of murder of the first degree, and condemned to death. He thereupon appealed to this court from the judgment of conviction, and from an order denying him a new trial. Pending his appeal he was confined in the jail of Silver Bow county, the place of his trial, but escaped therefrom, and is now beyond the jurisdiction of this court. The attorney general, having shown the fact of the defendant's escape and absence from the jurisdiction, has submitted a motion asking that the appeal be dismissed.

The rule is well settled that an appellate court will refuse to hear an appeal in a criminal case unless the appellant is within the jurisdiction, either by being in actual custody, or under bail for his appearance to abide further orders in the case when the *remittitur* issues to the trial court. The reason of the rule is well stated in *Commonwealth* v. *Andrews,* 97 Mass. 543, as follows: "The defendant, by escaping from jail, where he was held for the purpose of prosecuting these exceptions and abiding the judgment of the court thereon, has voluntarily withdrawn himself from the jurisdiction of the court. He is not present in person, nor can he be heard by attorney. A hearing would avail nothing. If a new trial should be ordered, he is not here to answer further; if the exceptions are overruled, a sentence cannot be pronounced and executed upon him. The

attorney general has a right to ask that he should be present to receive the judgment of the court. (1 Chit. Cr. Law, 663; *Reg.* v. *Caudwell,* 17 Q. B. 503.) So far as the defendant has any right to be heard under the constitution, he must be deemed to have waived it by escaping from custody and failing to appear and prosecute his exceptions in person, according to the order of court under which he was committed." The cases in which the courts have adopted and applied the same rule are numerous. The following are in point: *McGowan* v. *People,* 104 Ill. 100, 44 Am. Rep. 87; *Gentry* v. *State,* 91 Ga. 669, 17 S. E. 956; *Smith* v. *U. S.,* 94 U. S. 97, 24 L. Ed. 32; *Hamilton* v. *State* (Tex. Cr. App.), 23 S. W. 683; *State* v. *Sites,* 20 W. Va. 13; *People* v. *Redinger,* 55 Cal. 290, 36 Am. Rep. 32; *State* v. *Handy* (Wash.), 67 Pac. 1094; *Woodson* v. *State,* 19 Fla. 549.

In *People* v. *Genet,* 59 N. Y. 80, 17 Am. Rep. 315, the defendant, having been convicted of felony, escaped from custody, and was a fugitive from justice. When he escaped, there was pending on his behalf an application to the trial court for settlement of his proposed bill of exceptions. The court declined to consider the application, on the ground that the defendant was at the time "a fugitive at large, and beyond the control and without the power of the authorities of this state; he having made his escape and absconded from their custody after his conviction, and while awaiting the action of the court upon it." Upon application to the supreme court for *mandamus* to compel a settlement, the writ was refused. The appellate court, in affirming the order, said: "When a person charged with felony has escaped out of custody, no order or judgment, if any should be made, can be enforced against him; and courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of the person charged with crime. The fact that in this state the law allows proceedings on writs of error without requiring the actual presence of the criminal in court does not at all conflict with the view that steps will not be allowed to be taken on his behalf when he is no longer in

custody or on bail, but has fled from the custody of the law. His presence in court is necessary when he is to be tried, or when some sentence or judgment involving his corporal punishment is to be pronounced. His being in custody is necessary to any step for or against him, except such as may be taken to bring him again into custody. All the cases which consider the question seem to concur in the view that an escaped prisoner cannot take any action before the court."

In some cases the courts have, on motion, peremptorily dismissed the writ of error or appeal. The prevailing rule seems to be, however, not to make the order of dismissal final until the defendant has had an opportunity to surrender himself to the proper custody and submit to the jurisdiction of the court. We adopt this as the better rule, and direct the following order to be entered: It is ordered that the appeal stand dismissed, provided that, if the defendant returns to the jurisdiction and delivers himself to custody on or before August 4th next, the appeal may be reinstated. The *remittitur* will be withheld until that date.