ON MOTION TO DISMISS
PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of murder in the first degree, with a recommendation of mercy. He is represented on this appeal by court-appointed counsel, and the cause was set for oral argument before the court on November 14, 1972.
Prior to the date on which the appeal was to be heard appellee filed in the cause a motion to dismiss the appeal on the ground that appellant had escaped on October 22, 1972, from the jail in which he was incarcerated and his whereabouts are presently unknown. It has been held by the appellate courts of this state that, in the exercise of its discretion, the court may decline to hear or consider an appeal from a judgment of conviction and sentence under circumstances where the appellant has escaped from lawful custody and is at large at the time the case is scheduled for hearing before the court.[1] The facts alleged in appellee’s motion to dismiss have been substantiated by communications received from the penal authorities and are not disputed by appel *448 lant. For the ¡foregoing reasons, the motion of appellee is granted and the appeal shall stand dismissed.
It was because of appellant’s insolvency that counsel was appointed by the court to represent him on this appeal. Counsel has discharged his obligations in a skillful and workmanlike manner and has filed in the cause a brief which, under normal circumstances, would command the careful attention and studied consideration of this court. Appellant’s counsel is in no way responsible for the escape which brings about the dismissal of this appeal, and he is hereby discharged from any further duties or obligations in connection herewith.
CARROLL, DONALD K., Acting C. J., WIGGINTON, and RAWLS, JJ., concur.

. Bretti v. State (Fla.App.1968) 210 So.2d 472; Decree v. State (Fla.App.1965) 180 So.2d 667.