294 So.2d 395 (1974)
John Allen MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. Q-430.
District Court of Appeal of Florida, First District.
May 14, 1974.
*396 Joseph A. St. Ana, Jacksonville, and John Allen Mitchell, in pro. per., for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant was convicted of first degree murder with a recommendation of mercy. Timely appeal was taken and an attorney was appointed to represent him. All briefs were filed and the cause was set for oral argument on November 14, 1972. Prior to that date appellant escaped. A motion to dismiss the appeal was filed by the State and this Court entered an order of dismissal on December 19, 1972. Appellant was subsequently apprehended and is back in custody. On November 29, 1973 appellant filed a petition for reinstatement of his appeal. No cause is alleged for reinstatement except that appellant is now back in custody.
In Woodson v. State, S.C.Fla. 1882, 19 Fla. 549, the Supreme Court of this State committed itself to the proposition that an appeal will not be considered when the appellant is not within the control of the court.
In Bronk v. Bronk, S.C.Fla. 1903, 46 Fla. 474, 35 So. 870, the Supreme Court of Florida again said:
"* * * The appellant having, since he took this appeal, voluntarily placed himself in contempt of the orders of the court below, and having gone beyond the jurisdiction of this court, so that no order or decree it might make in the premises could be personally enforced against him, we are confronted with the question whether he has a right to a hearing on questions based on the injunction and ne exeat orders. * * *
* * * * * *
"But the right to be heard upon appeal or writ of error has not been held to be one which a party cannot deprive himself of by his voluntary act of putting himself in contempt of the court by escaping from custody and evading the power and process of the law and the courts. * * *"
(Bronk v. Bronk, at page 871)
The court thereupon continued, citing Woodson v. State, supra:
"In this state it is decided that an appellate court will refuse to hear a criminal case on writ of error where the plaintiff in error has escaped, and is not within the control of the court below, either actually by being in custody, or constructively by being out on bail."
In Bretti v. State, 3 Fla.App. 1968, 210 So.2d 472, our sister court of the Third District granted the State's motion to dismiss an appeal on the ground that the appellant had fled to avoid commencement of sentence under another conviction.
Appellate courts in other states have also held that a dismissal of the appeal was appropriate in criminal cases wherein it appeared that the accused had escaped. (See State v. Scott, 70 Kan. 692, 79 P. 126; Wilson v. Com., 10 Bush. (Ky.) 526; Tyler v. State, 3 Okla. Cr. 179, 104 P. 919.)
In Allen v. State of Georgia, 1897, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949, the Supreme Court of the United States affirmed an order of the Supreme Court of the State of Georgia dismissing a writ of error upon the appellant having escaped during pendency of the appeal, holding that such dismissal is not a denial of due process of law. In that case the Supreme Court of the State of Georgia had entered an order to the effect that the appeal would be dismissed unless the appellant *397 surrendered himself or was recaptured within sixty days of the date of the order. The appellant not having been surrendered nor recaptured within the sixty day period the appeal, or writ of error, was dismissed. The Supreme Court of the United States in that case stated:
"In civil cases it has been the universal practice to dismiss the case whenever it became apparent that there was no real dispute remaining between the plaintiff and the defendant, or that the case had been settled or otherwise disposed of by agreement of the parties and there was no actual controversy pending. (Citations omitted)
"We know at present of no reason why the same course may not be taken in criminal cases if the laws of the state or the practice of its courts authorize it. * * *
* * * * * *
"We cannot say that the dismissal of a writ of error is not justified by the abandonment of his case by the plaintiff in the writ. * * *" (17 S.Ct. 526)
The Supreme Court further cited with approval Com. v. Andrews, 97 Mass. 543, where the defendant escaped during the pendency of his case in the Supreme Court and in which it was held that, not being present in person, appellant could not be heard by attorney; that if a new trial were ordered, he was not there to answer further; and that, if the exceptions were overruled a sentence could not be pronounced or executed against him, and quoted with approval from that case the following:
"`So far as the defendant had any right to be heard under the constitution, he must be deemed to have waived it by escaping from custody, and the failing to appear and prosecute his exceptions in person, according to the order of court under which he was committed.'" (17 S.Ct., at page 527)
We now hold, therefore, that upon the appellant escaping, and thereby rendering himself not amenable to the orders of this Court, he is taken to have abandoned his appeal and that therefore our prior order dismissing the appeal was proper.
If legal points brought to this Court by an appellant are to remain here, the appellant must remain with them. When he withdraws himself from the power of the Court to enforce its orders and mandates, he also withdraws the points which he had submitted to the court for adjudication. When appellant escaped the points raised by his appeal evaporated so far as this Court's power to deal with them was concerned because the rights and obligations of the appellant no longer depended upon their answer, he having chosen his own independent remedy of escape. Not to have dismissed the appeal would have meant that this Court's handling of its docket would have to have awaited the eventual action and pleasure of appellant who, having invoked the Court's jurisdiction, thereafter withdrew himself from our means of asserting and enforcing it.
While an appeal which has been dismissed may be reinstated for good cause shown, (see 5 Am.Jur.2d, Appeal and Error, § 929, and the many cases there cited) the only cause for reinstatement alleged in appellant's petition is that he escaped and has now been apprehended. We do not find that to be good cause.
The appellant having abandoned his appeal, the points raised have been waived and are now moot and the appellant stands in the same position as he would have been in had no appeal been taken.
The appellant's petition for reinstatement be and it is hereby denied.
RAWLS, C.J., and JOHNSON, J., concur.