344 So.2d 646 (1977)
Larry MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1355.
District Court of Appeal of Florida, Second District.
April 15, 1977.
*647 Jack O. Johnson, Public Defender, and David S. Bergdoll, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.

ON MOTION TO DISMISS
GRIMES, Judge.
Pending his appeal the appellant escaped from custody. He was recaptured several days later in Alabama and subsequently returned to jail in Florida. Thereafter, the state filed a motion to dismiss this appeal predicated upon his escape.
Historically, the appellate courts of Florida[1] as well as those throughout the nation[2] have declined to process appeals of persons who have escaped and are beyond the jurisdiction of the court. As our supreme court explained in Woodson:
"The rule is well settled that an appellate court will refuse to hear a criminal case on a writ of error when the plaintiff in error has escaped and is not within the control of the court below, either actually, by being in custody, or constructively, by being out on bail. In the case of The People v. Genet, 59 N.Y., the court in discussing this question use this language: `When a person charged with felony has escaped out of custody no order or judgment, if any should be made, can be enforced against him, and courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of the person charged with crime.' * * * `All the cases which consider the question seem to concur in the view that an escaped prisoner cannot take any action before the court.' In Commonwealth v. Andrews, 97 Mass. 543, BIGELOW, C.J., speaking for the court, says: `The defendant, by escaping from jail, where he was held for the purpose of prosecuting these exceptions, and abiding the judgment of the court thereon, has voluntarily withdrawn himself from the jurisdiction of the court. He is not present in person, nor can he be heard by attorney. A hearing would avail nothing. If a new trial should be ordered, he is not here to answer further; if the exceptions are overruled, a sentence cannot be pronounced and executed upon him.' The Supreme Court of the United States in Smith vs. United States, 94 U.S.R., 97, adopted the same rule holding that the court will refuse to hear a criminal case unless the convicted party suing out the writ if error is where he can be made to respond to any judgment which may be rendered... ."
The unique feature in this case is that appellant is now back within the jurisdiction of the court, albeit involuntarily. The question then is whether he "waived" his right of appeal by escaping or whether the appeal should proceed now that he is amenable to further order of the court. The only Florida decision shedding any light on this issue is Mitchell v. State, supra, in which a defendant who was subsequently apprehended sought to reinstate his appeal which was dismissed following his escape. The court held that the appeal once dismissed when the defendant was beyond the jurisdiction of the court should not be reinstated simply because he was later apprehended. There is language in the opinion which could be construed to mean that *648 the court felt that the defendant had waived his right of appeal at the time of his escape, but there is other language reiterating the principle that the reason an appeal is dismissed upon an escape is because the fugitive is no longer available to answer the further order of the court.
The recent case of Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), demonstrates that there is no federal constitutional prohibition to dismissing appellant's appeal. In that case the defendant had escaped and was caught two days later. The Texas Court of Appeals dismissed his appeal under a Texas statute which provides for automatic dismissal of pending appeals by escaped felons who do not return voluntarily within ten days. The defendant then pursued his rights in the federal courts. The Fifth Circuit Court of Appeals in Dorrough v. Estelle, 497 F.2d 1007 (5th Cir.1974), held that because of certain exceptions stated therein the statute violated the equal protection clause of the federal constitution. The U.S. Supreme Court reversed. The court held that the statute was constitutional because the exceptions were based upon reasonable classifications. At the same time, the court observed that there was no federal constitutional right to state appellate review of state criminal convictions and pointed out that the U.S. Supreme Court, itself, had long followed the practice of declining to review the convictions of escaped criminal defendants.
The Texas case is the only one called to our attention in which an escapee's appeal has been dismissed pursuant to a statute. Our study of the many other cases on the subject indicates that the predicate for dismissal has always been the fact that the defendant was beyond the jurisdictional reach of the court. A number of the courts have disposed of the question by entering an order directing that the appeal shall stand dismissed at the end of a stated period of time unless the defendant is then back in custody. E.g., Bonahan v. Nebraska, supra; People v. Redinger, supra; State v. Scott, supra. In Knight v. State, 190 Tenn., 326, 229 S.W.2d 501 (1950), the state's motion to dismiss the appeal was not made until the escapee was back in custody. The court denied the motion upon the premise that since the defendant was presently in custody, the ultimate judgment of the court could be enforced against him.
Our Florida Constitution guarantees convicted persons of the right of appeal, and we have no statute like the one in Texas which provides that an escape shall constitute a waiver of that right. Moreover, our legislature has established escape as a separate crime for which a person can receive a sentence of up to fifteen years. In view of the foregoing and the fact that the return of appellant to the court's jurisdiction has undercut the historical premise upon which the appeals of escapees have been traditionally dismissed, the motion to dismiss this appeal is hereby
DENIED.
McNULTY, A.C.J., and OTT, J., concur.
NOTES
[1] Woodson v. State, 19 Fla. 549 (1882); Mitchell v. State, 294 So.2d 395 (Fla. 1st DCA 1974); Bretti v. State, 210 So.2d 472 (Fla. 3d DCA 1968); Decree v. State, 180 So.2d 667 (Fla. 1st DCA 1965).
[2] E.g., Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); Bonahan v. Nebraska, 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854 (1887); Sanford v. State, 75 Okla. Cr. 362, 131 P.2d 770 (1942); Tyler v. State, 3 Okla. Cr. 179, 104 P. 919 (1909); State v. Scott, 70 Kan. 692, 79 P. 126 (1905); McGowan v. People, 104 Ill. 100, 44 Am.Rep. 87 (1882); People v. Redinger, 55 Cal. 290, 36 Am.Rep. 32 (1880); Wilson v. Commonwealth, 10 Bush 526, 19 Am.Rep. 76 (Ky. 1874); People v. Genet, 59 N.Y. 80, 17 Am.Rep. 315 (1874).