ON MOTION TO DISMISS
DAUKSCH, Chief Judge.
This is before us on a motion to dismiss a criminal appeal. The motion was filed when the attorney general found out that appellant had escaped from prison. After receiving the motion we ordered appellant, through her counsel, to show cause why the appeal should not be dismissed. Appellant responded by saying, essentially, that although she had escaped, she was now back in prison and awaits her prosecution for the escape. She does not want her appeal dismissed and cites Marshall v. State, 344 So.2d 646 (Fla.2d DCA), cert. denied, 853 So.2d 679 (Fla.1977), as authority for us to allow her appeal to proceed. We agree with the decision in Marshall for the reasons stated in that opinion. Concisely stated, because appellant is in custody under the jurisdiction of this court and subject to the mandate of this court, we would not be wasting our time in reviewing the case. The rationale for dismissing an appeal of an escaped prisoner is set out in Woodson v. State, 19 Fla. 549 (1882), as cited in Marshall. That rationale fails when the absconded appellant finds herself back in Florida custody before the appeal is dismissed. This is not to say we would reinstate an appeal once it had been dismissed after escape and before capture. Nor do we mean to encourage short vacations from prison. The dismissal of an appeal is not a recognized form of punishment for escape, nor should it be without specific *587 legislation, and as was said in Marshall, escape does constitute a waiver of an appeal right. However, we hold that if an appellant in a criminal case escapes from lawful confinement, or voluntarily, without authorization, absents himself from the jurisdiction of this court while on probation, then his appeal is subject to dismissal and if dismissed will not be reinstated upon return to the jurisdiction of the court. The appeal will not be dismissed if the appellant is under the jurisdiction of this court at the time the motion to dismiss is decided.
MOTION DENIED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.