ON MOTION TO DISMISS
COBB, Judge.
This is before us on a motion by the state to dismiss the instant appeal insofar as it includes the adjudication of guilt on the charge of aggravated battery by the trial court on August 17, 1979. At that time sentencing was postponed pending receipt by the trial court of a presentence investigation. Nevertheless, on August 23, 1979, the defendant filed his notice of appeal from the judgment of guilt. That appeal was Case No. 79-93. He was released on supersedeas bond pending sentence.
Appellant failed to appear for his scheduled sentencing in April, 1980. Consequently, a capias issued for his arrest and the state moved to dismiss his appeal. That motion was granted by this Court and we dismissed the appeal in Case No. 79-93 on May 16, 1980, citing three cases in support of that order: Jones v. State, 362 So.2d 149 (Fla. 3d DCA 1978); Mitchell v. State, 270 So.2d 447 (Fla. 1st DCA 1972); and Decree v. State, 180 So.2d 667 (Fla. 1st DCA 1965).
Subsequent to the dismissal of defendant’s appeal of his judgment of conviction, he was apprehended and sentenced on August 15, 1980, to 15 years imprisonment. He again filed notice of appeal to this Court, which is the instant ease.
In its motion to dismiss this second appeal of the judgment of conviction, the state points out that the new notice of appeal is tantamount to an attempt to reinstate the previous appeal. The denial of the state’s motion would be in direct contravention of our holding in Brown v. State, 388 So.2d 586, 587 (Fla. 5th DCA), wherein we said:
that if an appellant in a criminal case escapes from lawful confinement, or voluntarily, without authorization, absents himself from the jurisdiction of this court while on probation, then his appeal is subject to dismissal and if dismissed will not be reinstated upon return to the jurisdiction of the court, (emphasis supplied).
In Mitchell v. State, 294 So.2d 395 (Fla. 1st DCA 1974), the court refused to reinstate a dismissed appeal after the defendant’s apprehension absent a showing of good cause. Marshall v. State, 344 So.2d 646 (Fla. 2d DCA 1977), cert. denied, 353 *354 So.2d 679 (Fla.1977), is distinguishable from the instant case because the appellant there had been returned to the custody and jurisdiction of the court before hearing on the motion to dismiss his appeal.
The appellant Chambers has not sought to have Case No. 79-93 reinstated, nor offered good cause to do so. That dismissal is final.[1] Instead, the defendant has merely filed a new appeal following sentence. Although a defendant who files a timely notice of appeal within thirty (30) days of sentence thus preserves for review both judgment and sentence, the filing of an earlier notice following the judgment of conviction but preceding the sentence severs these issues for purposes of appellate review. Compare Williams v. State, 324 So.2d 74 (Fla.1975). That is what the defendant did in this case. He cannot have two bites at the same apple.
The response of the appellant to the state’s motion to dismiss is the argument, predicated upon dictum in Marshall, that there is no statutory authority in Florida, as there is in Texas, for the dismissal of an appeal as a penalty for escape or failure to appear in court. This argument is clearly without merit in view of the contrary holding by the Florida Supreme Court in Bretti v. Wainwright, 225 So.2d 516 (Fla.1969). In that case, it was held that appellate courts in Florida have the jurisdiction and inherent discretion to dismiss appeals and refuse their reinstatement for the failure of the appellant to prosecute his appeal at the time its dismissal is sought by the appellee. That holding by the Florida Supreme Court cannot be modified by the dictum of a district court of appeal.
As observed in Marshall, the case of Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), demonstrates that there is no federal constitutional prohibition to the dismissal of an appeal because of abandonment or failure to prosecute. There is no federal constitutional right to state appellate review of state criminal convictions.
Accordingly, the state’s motion to dismiss this second appeal, once dismissed, of the appellant’s judgment of conviction, is granted.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.

. Florida Real Estate Comm. v. Harris, 134 So.2d 785 (Fla.1961); 3 Fla.Jur.2d Appellate Review § 18 (1978).