BOOTH, Judge,
dissenting.
I would dismiss the appeal based on the rule of United States v. Holmes, 680 F.2d 1372 (11th Cir.1982), cert. denied, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983), and Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). In Marshall v. State, 344 So.2d 646 (Fla. 2d DCA 1970), the defendant escaped from custody pending appeal and was promptly recaptured two days later. The court in that case declined to dismiss the appeal in *980 view of the fact that defendant had been an escapee for only two days, was back in custody at the time of the consideration of the appeal, and had the potential of being convicted for the separate crime of escape, an offense punishable by up to 15 years of imprisonment. In the instant case, however, defendant, who was free on bond, fled the jurisdiction so as not to be available at the time of sentencing. Defendant remained outside the jurisdiction for a period of four years prior to returning for sentencing. Under these circumstances, the State has been prejudiced, in that it is highly unlikely that defendant can be retried for the drug offense after a delay of more than five years, and defendant is not subject to conviction for the crime of escape.