*3 EN BANC.
The Public Defender of the Tenth Judicial Circuit has filed certificates of conflict and twenty-five motions, at least one for each county in the district, to withdraw from the representation of 382 appellants whose initial briefs are overdue. It appears that the Public Defender has not assigned attorneys in his office to undertake preparation of the briefs. The Public Defender requests that we issue a writ of mandamus to compel the circuit courts in each of the counties to appoint counsel to represent the affected appellants. The appointed counsel would be paid by each of the respective counties.
These motions describe the Public Defender’s budgetary problems, a monthly increase in the backlog of cases, and state the belief that his office is receiving more cases than it can adequately handle. The office of the Attorney General has filed opposition to the Public Defender’s motions. Among the Attorney General’s objections is the assertion that the Public Defender has been selective in seeking to withdraw from cases. The Attorney General asserts that the Public Defender is retaining simple cases and is attempting to transfer more difficult cases, or cases with larger records on appeal, to the counties. The Public Defender in replying to the Attorney General has denied the assertion.
In our last order on this subject, entered only four months ago, we stated:
This court’s consideration of the prosecution of appeals by the public defender has a long history. See [In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130, 1133 (Fla.1990) ]. In deciding these motions, we have generally taken the representations and the conclusions of the movant at face value. However, we are increasingly concerned about our role as a factfinder in deciding these motions and especially in such matters as public defenders[’] staffing standards, adequacy of funding, etc. In re Order, supra, allows this court to order circuit courts to handle these motions and this court will likely exercise that option on any future motions filed here.
In re Order on Motions to Withdraw Filed by Tenth Circuit Public Defender, 612 So.2d 597, 598 (Fla. 2d DCA 1992) (en banc).
We have concluded that we can no longer resolve these motions without an adequate factual record. The issues raised by these motions are too complex to be resolved summarily. The result we will ultimately reach will affect too many people and the fiscal affairs of too many governments. The appellants in these cases are constitutionally entitled to timely appeals. An untimely appeal may be little better than no appeal at all when, for example, a sentence expires before the appeal is complete. Moreover, an inundated attorney may be only a little better than no attorney at all. The counties on the other hand want this problem solved without additional demand on already overburdened budgets.
One method to resolve these matters would be to refer the motions to the circuit courts in the counties within the jurisdiction of the Second District for fourteen separate hearings. We are persuaded that scheme would likely lead to conflicting results. Neither do we feel we should send the matter to only one circuit court for a resolution that could affect counties outside that circuit.
This court was never intended nor is it designed to function in a fact finding capacity. In order to fulfill our constitutional obligations, however, we can utilize a commissioner to conduct an evidentiary hearing. See, e.g., Baggett v. Wainwright, 229 So.2d 239 (Fla.1969) (district court of appeal may utilize circuit court judge or commissioner to make factual determinations, if necessary, in original habeas corpus proceedings), abrogated in part, not pertinent to this order, by State v. Dist. Ct. of Appeal of Fla., First Dist., 569 So.2d 439 (Fla.1990). Pursuant to this authority, we delegate to the commissioner, appointed as set forth hereafter in this order, all tasks associated with the conduct of an evidentia-ry hearing and the preparation of a report *4 which is to contain findings of fact and conclusions he deems appropriate.
In executing his office, the commissioner shall use the criteria set forth in In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130, 1132 (Fla.1990), which held that “[i]f the court finds that the public defender's case load is so excessive as to create a conflict, other counsel for the indigent defendant shall be appointed pursuant to subsection 27.53(3).” Without intending to restrict the range of issues that the commissioner may consider, we express the following concerns which have arisen in our consideration of the Public Defender’s current and past motions:
1. Whether the productivity of the appellate division of the Public Defender’s office is within an acceptable range.
2. Whether all of the attorneys assigned to that division are working exclusively on appellate matters.
3. Whether the Public Defender has taken adequate steps to assure that repetitive issues are handled efficiently.
4. Whether the Public Defender uses a team approach to maximize the efficiency of the briefing process.
5. Whether there are steps that the Public Defender, the Attorney General, and this court could collectively take to assure timely appellate review of indigent appeals.
6. Whether there are other steps which could be taken to allow for the timely prosecution of indigent appeals without transferring the cost for such appeals to the counties.
7. Ignoring earlier motions to withdraw filed with this court, whether the cases selected for the present motions have been chosen for any particular reason that should be made known to the court.
The commissioner shall be a retired circuit court judge appointed by the Chief Justice of the Supreme Court of Florida to act as commissioner under this order of this court. The Public Defender, the Attorney General, and the counties shall have the right to participate in the proceeding conducted by the commissioner. The commissioner shall have the discretion to permit other parties to participate and to limit participation in any reasonable manner so as to insure an orderly and efficient proceeding. We direct that a hearing or hearings be held as soon as is possible within the boundaries of procedural due process, and that a report, containing the commissioner’s findings and recommendations, be submitted to this court by no later than August 3, 1993. Any party to the proceeding before the commissioner may file with this court a response to that report on or before August 17, 1993. Thereafter, this court will enter an order or orders it deems appropriate in resolving the fourteen pending motions.
LEHAN, C.J., and RYDER, DANAHY, CAMPBELL, FRANK, HALL, THREADGILL, PARKER, PATTERSON, ALTENBERND and BLUE, JJ., concur.
SCHOONOVER, J., dissents without opinion.