## Odes TOLBERT *v.* STATE of Arkansas

CR 97-489                                                      959 S.W.2d 402

### Supreme Court of Arkansas
### Opinion delivered January 15, 1998

*Appellant,* pro se.

No response.

PER CURIAM. On October 17, 1996, judgment was entered reflecting that Odes Tolbert had been found guilty by a jury of four counts of possession of a controlled substance with intent to deliver. He was sentenced as a habitual offender to an aggregate sentence of six hundred months' imprisonment. An appeal of the judgment was lodged in this court on April 29, 1997, by Mr. Tolbert's retained attorney, Ray E. Hartenstein. On June 9, 1997, Mr. Hartenstein filed a motion to dismiss the appeal which said in pertinent part:

> After reviewing the transcript of the trial in this matter, the appellant has determined that he will initially seek relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure rather than by appeal. . .Accordingly, the appellant seeks to dismiss his current appeal without prejudice to filing an appeal from his Rule 37 proceeding if appropriate relief is not obtained thereby.

Hartenstein filed with the motion a letter to our clerk certifying that a copy of the motion had been mailed to Tolbert. On July 7, 1997, we granted the motion to dismiss the appeal. A copy of this court's order was mailed to Tolbert on that date by our clerk. Four months later on October 7, 1997, Tolbert filed the *pro se* motion which is now before us, seeking a belated appeal of the original judgment.[1] We will treat the motion as a motion to reinstate the appeal.

Petitioner Tolbert contends that he was unaware that Hartenstein had filed the motion to dismiss the appeal until after the motion was granted by this court. He asserts that counsel's action placed him in a "helpless and unjust" position and that he is entitled to appellate review of the judgment. Petitioner asks that he be declared indigent and that a writ of certiorari be issued by this court to bring up the record for the appeal of the judgment at public expense. He does not seek appointment of counsel. Whether Ray Hartenstein still represents him is unknown.

Petitioner was represented by retained counsel when the appeal was dismissed. This court was entitled to rely on counsel's representation that petitioner had been provided a copy of the motion to dismiss and that there was good cause to dismiss the appeal. Moreover, even if petitioner had not been aware that the motion had been filed, our clerk mailed a copy of this court's mandate to the petitioner on the day it was issued. If petitioner did not approve of counsel's action in obtaining dismissal of the appeal, it was incumbent on him to act promptly. Just as a convicted defendant may waive his right to appeal by failing without good cause to file a timely notice of appeal, a petitioner whose appeal is dismissed may waive his right to have the appeal rein-

---

[1] Petitioner does not state whether a Rule 37 proceeding was ever initiated in the trial court.

stated by failing without good cause to move promptly for its reinstatement. Petitioner here has not demonstrated that there was a satisfactory reason for the delay of four months in filing this motion and has otherwise failed to provide good cause to reinstate the appeal.

Motion denied.