Jerome Allen BARGO *v.* STATE of Arkansas

CR 88-158                                                       217 S.W.3d 825

Supreme Court of Arkansas
Opinion delivered November 17, 2005

---

*G. Nicholas Arnold*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

Robert L. Brown, Justice. Movant Jerome Allen Bargo moves to have his appeal reinstated following this court's dismissal of his appeal in 1989. We deny the motion.

The facts are these. On March 18, 1988, Bargo was convicted of attempted capital murder, burglary, and theft of property, and was sentenced as a habitual criminal to sixty years' imprisonment, forty years' imprisonment, and forty years' imprisonment respectively, to run consecutively. He was also fined a total of $45,000. A notice of appeal was filed on March 29, 1988.

Bargo escaped from custody in May 1988, and fled this jurisdiction. The record was lodged with this court on October 5, 1988, despite the escape. On December 1, 1988, the docket reflects that the appellant's brief was served, and on December 20, 1988, the State filed a motion to dismiss the appeal and a motion to stay its brief time. On January 9, 1989, this court granted the State's motion to dismiss the appeal of Bargo, who was still at large. On January 13, 1989, Bargo's attorney tendered a response to the already-decided motion to dismiss, which this court deemed to be moot. Bargo's attorney then filed a motion for reconsideration, which this court denied.

On April 14, 2005, Bargo filed his motion to reinstate his appeal. He asserts therein that he was apprehended in Ohio in 2003. He then asserts multiple arguments in support of his motion. He first claims that Arkansas has fashioned an automatic right of appeal in criminal cases and that this court has shied away from either adopting or creating a rule which mandates dismissal of an absconded criminal defendant's appeal. He contends that despite the large temporal gap between the time his appeal was originally docketed and the present, his absence has had no materially prejudicial effect on the appellate process. For that reason, he claims that his appeal should not be forfeited. He urges that the record has presumably been preserved and that the same arguments raised on appeal remain viable.

He further contends that the fugitive-dismissal rule is inapplicable in cases where the once missing defendant has returned to the jurisdiction from which he originally absconded. He maintains

that any ruling on appeal would not be ineffectual, because he stands ready to comply with any further orders of the court. In addition, he submits that because Arkansas has no standing statute or rule authorizing the dismissal of a fugitive criminal defendant's appeal, the ultimate question his motion poses is soundly within the court's discretion and dependent on the inherent power of the court.

Thirdly, Bargo maintains that for the appellate system to punish him for his escape by dismissing his appeal is inapposite to both law and logic. He contends that were this court to prohibit his appeal, it would be tantamount to imposing a second punishment for his escape, which already has criminal sanctions of its own. He further argues that were this court to deny his motion on the basis that he intentionally forfeited his right to appeal by escaping, it would be ascribing a level of understanding with respect to the judicial process to a man wholly unaware of the appellate consequences of his decisions.

Finally, Bargo contends that because Arkansas has created an appellate court system which serves an integral role in the final adjudication of a defendant's rights, the procedures used by this state must accord with constitutional demands. He states that by dismissing his appeal, this court acted in derogation of his due-process rights. He contends that while he was provided the right to a jury trial before being sentenced to confinement, this court failed to present him with an opportunity to contest the dismissal of his appeal before summarily dismissing it. For that reason, he claims that this court violated his due-process rights.

Though this court has not considered the fugitive-dismissal rule or reinstatement of a dismissed appeal, such as we have before us, we have reviewed a multitude of cases from other jurisdictions. Many states do as this court did in January 1989 and have dismissed appeals where the appellant has escaped or absconded. *See, e.g., State v. Bell,* 608 N.W.2d 232 (N.D. 2000); *State v. Larrea,* 130 Idaho 290, 939 P.2d 866 (Ct. App. 1997); *Fletcher v. State,* 696 So. 2d 794 (Fla. Dist. Ct. App. 1997); *State v. Dyer,* 551 N.W.2d 320 (Iowa 1996); *State v. Patten,* 134 N.H. 319, 591 A.2d 1329 (1991); *Ex parte Subel,* 541 So. 2d 15 (Ala. 1989); *State v. Tuttle,* 713 P.2d 703 (Utah 1985); *Derrick v. State,* 406 So. 2d 48 (Miss. 1981); *State v. Mosley,* 84 Wash. 2d 608, 528 P.2d 986 (1974); *White v. State,* 514 P.2d 814 (Alaska 1973); *Commonwealth v. Rezendes,* 353 Mass. 228, 230 N.E.2d 647 (1967); *Crum v. Commonwealth,* 23 S.W.2d 550 (Ky. Ct. App. 1930); *People v. Clark,* 201 Cal. 474, 259 P. 47

(1927); *State v. Dempsey*, 26 Mont. 504, 68 P. 1114 (1902); *State v. Johnson*, 44 S.C. 556, 21 S.E. 806 (1895).

Some jurisdictions also provide that an appellant may present himself to the jurisdiction within a certain period of time after absconding and have his appeal heard. *See, e.g., State v. Mosley, supra; Crum v. Commonwealth, supra; State v. Dempsey, supra*. Other jurisdictions have held that such a dismissal is subject to reinstatement on motion by the appellant upon a showing of good cause. *See, e.g., Derrick v. State, supra; Mitchell v. State*, 294 So. 2d 395 (Fla. Dist. Ct. App. 1974); *White v. State, supra*. Still other jurisdictions have held that reinstatement should be granted unless the State can show prejudice stemming from the defendant's absence and the lapse of time since the escape. *See, e.g., State v. Tuttle, supra*.

Bargo argues that his absence and the resultant lapse of time have created no negative effect on the appeals process. We disagree. In *Allen v. Georgia*, 166 U.S. 138 (1897), the United States Supreme Court affirmed the Georgia Supreme Court's dismissal of Allen's writ of error against the Georgia court for dismissing his case because he had escaped. The Court found that "[i]t is much more becoming to its dignity that the court should prescribe the conditions upon which an escaped convict should be permitted to appear and prosecute his writ than that the latter should dictate the terms upon which he will consent to surrender himself to its custody." 166 U.S. at 141. That expresses this court's reasoning exactly. Here, this court's docket sheet reflects that not only had the record been lodged with this court's clerk, but Bargo's brief had been filed as well. Thus, the appellate process was well underway.

Bargo claims that his situation is similar to that in *Marquez v. State*, 795 S.W.2d 346 (Tex. Ct. App. 1990), but he is mistaken. In *Marquez*, the appellate court held that no appeal was pending at the time of Marquez's escape due to the fact that the record was filed after he had been returned to custody. Bargo admits in his statement of the case that he absconded from the detention center in Russellville in May 1988. While he did escape prior to the lodging of the record, the record was lodged and his brief was filed while he was still an escapee. As a consequence, his escape did impact the appellate process which was already in motion. In addition, we agree with the State that Bargo's prolonged absence is also detrimental to the appellate process due to the lack of finality.

Bargo argues that the rationale behind the fugitive–dismissal rule is no longer applicable to him, now that he is back in custody.

Again, we disagree. Bargo is correct that the Iowa Supreme Court declined to dismiss an appellant's appeal because he had been returned to the jurisdiction. *See State v. Byrd*, 448 N.W.2d 29 (Iowa 1989). It did so, however, because: (1) "no element of futility frustrates the force of our judgment;" (2) Byrd's recapture and incarceration for failure to appear would deter others similarly inclined to flee while an appeal was pending; and (3) there was an absence of any statute or rule authorizing dismissal on the ground urged. *Id*. at 30. The issue in *Byrd* was whether his appeal should be dismissed in the first instance. Here, Bargo's appeal has already been dismissed, and his motion for reconsideration of that decision was denied. He now simply seeks to have his appeal reinstated after his extended absence. For that reason, *Byrd* is inapposite and does not serve as authority for Bargo's argument.

More persuasive to this court is the Florida District Court of Appeals' decision in *Mitchell v. State, supra*. In *Mitchell*, the appellant escaped after the briefs were filed and the date for oral arguments had been set. The State moved to dismiss the appeal, and an order of dismissal was entered. Almost a year after the dismissal, Mitchell filed a petition for reinstatement of his appeal. No cause for reinstatement was alleged except that he was now back in custody. The appeals court denied his petition, holding that "upon the appellant escaping, and thereby rendering himself not amenable to the orders of this Court, he is taken to have abandoned his appeal and that therefore our prior order dismissing the appeal was proper." 294 So. 2d at 397. The court then observed:

> If legal points brought to this Court by an appellant are to remain here, the appellant must remain with them. When he withdraws himself from the power of the Court to enforce its orders and mandates, he also withdraws the points which he had submitted to the court for adjudication. When appellant escaped the points raised by his appeal evaporated so far as this Court's power to deal with them was concerned because the rights and obligations of the appellant no longer depended upon their answer, he having chosen his own independent remedy of escape. Not to have dismissed the appeal would have meant that this Court's handling of its docket would have to have awaited the eventual action and pleasure of appellant who, having invoked the Court's jurisdiction, thereafter withdrew himself from our means of asserting and enforcing it.

*Id*. The court then concluded that Mitchell had not presented good cause for reinstatement of his appeal and denied his motion. We agree with that reasoning.

Bargo also asserts that he should not be punished twice for his escape, that is, once under the statutes setting forth the criminal offense of escape and once by this court's denial of reinstatement. He argues that a permanent dismissal of his appeal would be seen as an additional punishment. But this argument does not negate the fact that Bargo must comply with this court's rules of appellate procedure. He failed to do so when he absconded and thwarted the appellate process.

This court has also held similarly to the holding of the Florida District Court of Appeals with respect to motions for reinstatement. While not in the context of a fugitive appellant, we held in *Tolbert v. State*, 331 Ark. 136, 959 S.W.2d 402 (1998), that a petitioner whose appeal had been dismissed waives his right to have the appeal reinstated by failing to move promptly for its reinstatement with good cause. In *Tolbert*, we denied Tolbert's motion to reinstate his appeal, because he failed to demonstrate that there was a satisfactory reason for the delay of four months in filing the motion, and he failed to provide good cause for reinstating the appeal.

Similarly, in the instant case, Bargo has failed to show good cause to reinstate his appeal. While he makes several arguments in support of his motion, he fails to give any satisfactory reason for an almost seventeen-year delay in filing his motion. This court, through Arkansas Rule of Appellate Procedure – Criminal 1, has provided a right of appeal. Nonetheless, neither our constitution nor our statutes nor our court rules provides any right to reinstatement of an appeal once it has been dismissed. This court presumably dismissed Bargo's appeal due to the fact that he had escaped and was no longer able to comply with this court's orders. Such dismissals have been recognized by the Supreme Court as permissible. *See Ortega-Rodriguez v. United States*, 507 U.S. 234 (1993).

While Bargo further claims that a denial of his reinstatement motion will violate his due-process rights, his argument is without merit. As already referenced, in *Allen v. Georgia, supra*, in 1897, the United States Supreme Court upheld the Georgia Supreme Court's refusal to reinstate Allen's appeal after he was brought back into custody. The Court noted that "[t]o justify any interference upon our part, it is necessary to show that the course pursued has deprived, or will deprive, the plaintiff in error of his life, liberty, or property without due process of law." 166 U.S. at 140. The Court further observed that "[b]y escaping from legal custody, he has, by the laws of most, if not all, of the states, committed a distinct

criminal offense; and it seems but a light punishment for such offense to hold that he has thereby abandoned his right to prosecute a writ of error, sued out to review his conviction[.]" *Id.* at 141. It also held that "if the supreme court of a state has acted in consonance with the constitutional laws of a state and its own procedure, it could only be in very exceptional circumstances that this court would feel justified in saying that there had been a failure of due legal process." *Id.* at 140. This court has so acted.

Because we hold that Bargo's delay in prosecuting his appeal is prejudicial to the appellate process and because Bargo presents this court with no good cause for his delay in seeking to reinstate his appeal, we deny the motion. As was the case with the Florida District Court of Appeals in *Mitchell v. State, supra,* we hold that Bargo abandoned his appeal.

Motion denied.