533 So.2d 910 (1988)
Frank BIONDO, Appellant,
v.
STATE of Florida, Appellee.
No. 87-144.
District Court of Appeal of Florida, Second District.
November 16, 1988.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We affirm defendant's convictions for possession of cocaine and drug paraphernalia and conspiracy to traffic in cocaine.
We do not agree with defendant's contention that the trial court erred in permitting the state to rebut prematurely defendant's entrapment defense before that defense had been raised. At the time the state introduced evidence in anticipation of *911 the entrapment defense the defendant had already inserted that defense into the case through defense counsel's opening statement and defense counsel's cross-examination of a state witness.
Also we do not agree with defendant's contention that the testimony of two witnesses for the state as to other crimes committed by defendant was not properly admitted into evidence. The testimony of the two state witnesses indicated that defendant had previously sold cocaine to them. Whether or not that constituted Williams Rule evidence,[1] that testimony was properly admitted because it was relevant to rebut the entrapment defense by showing defendant's predisposition to commit crimes of the type involved here. See Bryan v. State, 533 So.2d 744, 745-46 (Fla. 1988).
We agree with defendant's additional contention that the prosecutor's reference in closing argument to defendant as "slime" was improper. See Duque v. State, 498 So.2d 1334, 1337 (Fla. 2d DCA 1986). However under all the circumstances we do not conclude that that impropriety by itself in this case was sufficiently egregious to require reversal.
Affirmed.
SCHOONOVER, A.C.J., LEHAN and THREADGILL, JJ., concur.
NOTES
[1] Section 90.404(2), Florida Statutes (1983); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).