545 So.2d 495 (1989)
Ofenia Rivas CEDNO, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1495.
District Court of Appeal of Florida, Third District.
June 27, 1989.
Kent Wheeler, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
PER CURIAM.
The appellant, defendant below, appeals her conviction for conspiracy to traffic in cocaine. We affirm.
The sole point urged on appeal is an improper comment made by the prosecutor in closing argument.[1] The defendant, a Panamanian national, relied on a defense of entrapment. She testified, among other things, that she had never been involved with drugs in Panama. In closing argument the prosecutor stated:
She says she's never been involved in drugs before and in Panama we don't do that. We don't know what happened before, but she got caught this time. We can't vouch for what happened before, but we know what happened this 
[Defense counsel]: Objection, your Honor, this is improper argument, move to strike that argument for consideration by the jury.
The Court: Sustained. The jury will disregard that remark.
Assuming arguendo that the remark could be read to suggest some special knowledge by the State regarding the defendant's prior conduct (and we are not sure it can be so read), we think there was no abuse of discretion in the trial court's determination to give a curative instruction, for "[i]mproper remarks can be cured by ordering the jury to ignore them unless they are so objectionable that such instruction would be unavailing." Breedlove v. State, 413 So.2d 1, 7 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). The remark cannot be said to reach the standard necessary for a mistrial, which would require "prejudicial error which will vitiate the trial's result." Id. (citation omitted).
AFFIRMED.
NOTES
[1] At oral argument the appellant abandoned her objection to the utilization of transcripts of tape recordings at the trial.