755 So.2d 766 (2000)
Antonio HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D97-3135.
District Court of Appeal of Florida, Fourth District.
April 5, 2000.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of attempted second degree murder and armed robbery. He argues that the admission of a photograph in evidence violates the best evidence rule, and that the law under which he was sentenced as a violent career criminal is unconstitutional as violating the single subject requirement of the Florida Constitution. We affirm the conviction but remand for resentencing.
At trial, the state asked one of its witnesses if the witness had identified the defendant as the shooter from a photograph. After the witness denied doing so, the state was allowed to impeach the witness, during which the witness admitted that he had signed a photograph and had stated that the photograph was of the appellant. He denied stating that the person in the photograph had been the shooter.
Appellant argues that the admission of the photograph in evidence violated the best evidence rule because the witness was unable to say whether the photograph was the original that he had seen or a copy. Appellant relies on section 90.952, Florida Statutes (1997), which provides:

*767 Requirement of originals. Except as otherwise provided by statute, an original writing, recording, or photograph is required in order to prove the contents of the writing, recording, or photograph.
We disagree with appellant that the admission of the photograph violates the best evidence rule. Ehrhardt, Florida Evidence (1995 Ed.) explains in section 951.2:
Most of the time the best evidence rule is not applicable to photographs because the contents of the photograph are not being proved. Photographs are commonly used to explain the testimony of the witness. The photographs are not offered to prove their contents. The contents of a photograph are proved only in cases involving such matters as copyright and defamation.
Because the photograph was used in this case only to explain testimony, its admission did not violate the best evidence rule.
We agree with the appellant, who was sentenced for crimes committed on April 27, 1996, that his sentence as a violent career criminal under Chapter 95-182, Laws of Florida, must be reversed. State v. Thompson, 750 So.2d 643 (Fla.1999). We therefore affirm the conviction but remand for resentencing.
STONE, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.