ORFINGER, J.
Cedric Anderson appeals his convictions for kidnaping and felony battery of his wife, Tangie Anderson, and simple battery and battery on a person over sixty-five of her father, Joe Lee Green. Anderson was sentenced as a prison releasee reoffender to life in prison for kidnaping, concurrent terms of five years in prison for the felony battery and battery on a person over sixty-five years of age, and time served on the simple battery.
We find no abuse of discretion in the trial court’s decision to deny a mistrial following an isolated, unsolicited remark by a witness concerning Anderson’s earlier prison sentence. The curative instruction given to the jury was sufficient to dissipate any prejudice. See, e.g., Perez v. State, 856 So.2d 1074, 1079 (Fla. 5th DCA 2003) (citing Joseph v. State, 704 So.2d 1149, 1149 (Fla. 3d DCA 1998)).
More problematic is Anderson’s contention that his convictions of battery and battery on a person over the age of sixty-five violate double jeopardy because the offenses arose from the same criminal episode involving the same victim at the same time and place. The double jeopardy clause in both the state and federal constitutions protects criminal defendants from multiple convictions for the same offense.[1] “The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents.” Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001). The prevailing standard for deter *960 mining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature “intended, to authorize separate punishments for the two crimes.” Gordon v. State, 780 So.2d 17, 19 (Fla.2001).
Absent a clear statement of legislative intent to authorize separate punishments for two crimes arising from the same criminal episode, courts employ the test established in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether separate offenses exist. See Gaber v. State, 684 So.2d 189, 192 (Fla.1996). The Florida Legislature has codified the Blockburger analysis in section 775.021(4), Florida Statutes (2002), which provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity ... to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3.Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla. Stat. (2002).
Under the facts of this case, we conclude that Anderson’s convictions for battery and battery on a person over the age of sixty-five are improper as they are not separate offenses for double jeopardy purposes. Section 775.021(4)(b)3. provides an exemption to the general rule authorizing multiple convictions for a single criminal episode for “[ojffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.” Battery is a category one lesser included offense of battery on a person sixty-five years of age or older. See Fla. Std. Jury Instr. (Crim.) 376.
As a result, we vacate Anderson’s conviction for simple battery (count 3). See State v. Barton, 523 So.2d 152 (Fla.1988).[2]
AFFIRMED IN PART AND REVERSED IN PART.
PETERSON and GRIFFIN, JJ., concur.

. Article I, section 9, of the Florida Constitution provides: “No person shall ... be twice put in jeopardy for the same offense.” Art. I, § 9, Fla. Const. The Fifth Amendment of the United States Constitution provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const, amend. V.

. Given the disposition of this matter, resen-tencing is unnecessary.