DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTONIO L. HARRIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4917

[January 6, 2016]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa M. Porter, Judge; L.T. Case No. 96-14720CF10B.

Antonio L. Harris, Bristol, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

This is an appeal of an order denying a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant's motion presented three points. We affirm without discussion points one and three, and reverse and remand for further review on point two wherein he argues that his life sentence for Count I is illegal because of the lack of jury finding that he actually possessed a firearm.

Appellant was charged in Count I with attempted first degree murder and in Count II with robbery with a deadly weapon. Count I alleged that appellant and a co-defendant attempted to kill the victim by shooting him with a firearm, and that appellant possessed the firearm, though both intended to commit the murder. Count II alleged that the two defendants committed the armed robbery and the firearm was "in the possession" of them both.

The jury found appellant guilty of the lesser included offense of attempted second degree murder with a weapon. It also found him guilty of armed robbery, and "in course thereof," that he carried a firearm, as

charged.  The trial court sentenced appellant as a violent career criminal to concurrent life terms with a fifteen-year mandatory minimum for each. This court affirmed his conviction, but remanded for resentencing pursuant to *State v. Thompson*, 750 So. 2d 643 (Fla. 1999).  *See Harris v. State*, 755 So. 2d 766 (Fla. 4th DCA 2000).

On remand, the trial court resentenced appellant on Count I as a habitual *violent* felony offender to life with a fifteen-year mandatory minimum.  Appellant was sentenced to life on count II as well.[1]  This appeal concerns appellant's claim that his life sentence on Count I is illegal.

The attempted second degree murder charge was enhanced from a second degree felony to a first degree felony based on the use of a deadly weapon.  § 775.087(1)(b), Fla. Stat. (1995); *see also* §§ 782.04(2), 777.04(4)(c).  For a first degree felony, the trial court can sentence a habitual violent felony offender to life in prison and the offender is not eligible for release for fifteen years. § 775.084(4)(b)1., Fla. Stat. (1995). Florida Statute section 775.087(1) provides as follows:

> (1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:  ....

> (b) In the case of a felony of the second degree, to a felony of the first degree.

Appellant argues that the jury did not make the required finding to support a weapon or firearm reclassification.  § 775.087(1), Fla. Stat. (1995).  Specifically, the verdict did not find that appellant "carried, displayed, used, threatened, or attempted to use" the weapon as required by the language of the statute.  Appellant points out that when finding him guilty of the lesser included offense, the jury rejected the charged offense of attempted first degree murder, which provided that "in the course thereof the Defendant carried a Firearm."

---

[1]Armed robbery with a firearm is a first degree felony punishable by life.  § 812.13(2)(a), Fla. Stat. (1995).

The record furnished does not support the position the state argued below, that appellant raised this claim in a previous motion. *See State v. McBride*, 848 So. 2d 287, 290-91 (Fla. 2003). Considering the merits, section 775.087(1) does not permit vicarious enhancement. *See State v. Rodriguez,* 602 So. 2d 1270, 1271 (Fla. 1992). The record before this court is insufficient to permit substantive review of the claim. *Id.* at 1271; *see also Connolly v. State,* 172 So. 3d 893 (Fla. 3d DCA 2015); *Alusma v. State,* 939 So. 2d 1081 (Fla. 4th DCA 2006). Also, we decline to accept the jury's firearm finding associated with Count II to satisfy the required finding for Count I. *See generally Streeter v. State,* 416 So. 2d 1203 (Fla. 3d DCA 1982). On remand, the trial court shall consider whether the reclassification on Count I was based on appellant's actual possession of a weapon.

For the stated reasons, we affirm in part, reverse in part, and remand for further proceedings.

CIKLIN, C.J., GROSS and LEVINE, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

- 3 -